**ERICK L. GUZMAN**
California State Bar No. 244391
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: erick_guzman@fd.org

Attorneys for Luis Gomez-Dominguez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1003-WQH |
| Plaintiff, | ) ) | DATE: July 21, 2008 |
| v. | ) ) | TIME: 2:00 p.m. |
| LUIS GOMEZ-DOMINGUEZ, | ) ) ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
| Defendant. | ) | DEFENDANT'S MOTIONS |
| | ) | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based on materials received from the government. Mr. Gomez does not accept this statement of facts as his own, and reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On March 4, 2008, Mr. Gomez was arrested by Border Patrol agents. He was questioned by Border Patrol Agent Bean at Imperial Beach Border Patrol station.

These motions follow.

///

///

///

///

## II.

## MOTION TO SUPPRESS STATEMENTS

Mr. Gomez moves to suppress his statements on the grounds of an invalid Miranda waiver and voluntariness.

### A.   The Government Must Demonstrate Compliance with *Miranda*.

In order for any statements made by Mr. Gomez to be admissible against him, the government must demonstrate that they were obtained in compliance with the Miranda decision. The government must establish that Mr. Gomez's waiver of his Miranda rights was voluntary, knowing, and intelligent. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973). When interrogation continues without the presence of an attorney, and a statement results, the government has a heavy burden to demonstrate that the defendant has intelligently and voluntarily waived his privilege against self-incrimination. Miranda, 384 U.S. at 475. The court must indulge every reasonable presumption against waiver of fundamental constitutional rights, so the burden on the government is great. United States v. Heldt, 745 F. 2d 1275, 1277 (9th Cir. 1984).

In determining whether a waiver is voluntary, knowing, and intelligent, the court looks to the totality of the circumstances surrounding the case. Edwards v. Arizona, 451 U.S. 477 (1981); United States v. Garibay, 143 F.3d 534 (9th Cir. 1998). The Ninth Circuit has held that determination of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary and (2) knowing and intelligent. Derrick v. Peterson, 924 F. 2d 813 (9th Cir. 1990). The second prong requires an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-821 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). Not only must the waiver be uncoerced, then, it must also involve a "requisite level of comprehension" before a court may conclude that Miranda rights have been legitimately waived. Id. (quoting Colorado v. Spring, 479 U.S. at 573). Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the prosecution, no evidence obtained as a result of the interrogation can be used against the defendant. Miranda, 384 U.S. at 479. The government in this case must prove that Mr. Gomez waived his rights intelligently and voluntarily. Mr. Gomez disputes any allegation of any waiver was knowing, intelligent, and voluntarily.

**B.      Mr. Gomez's Waiver was neither knowing nor intelligent because he did not understand his rights**

Mr. Gomez did not understand that he had right to a criminal attorney. Declaration of L. Gomez (Exhibit A). Rather he believed he had the right to an immigration attorney. Id. This is understandable since references to the two systems are woven throughout Agent Bean's advisement.

"Anything that you say can be used against you in a court of law or in any administrative or immigration proceeding." Transcript of post-arrest statement (Exhibit B) at 3. Also, Mr. Gomez is advised of his consular rights, see id. at 2, and he is informed that he is arrested for illegally re-entering while not being a citizen. See id. The point is that Agent Bean's advisement covers international law, immigration law and criminal law. Agent Bean himself is an agent that in large part enforces immigration policies. It is understandable that an uneducated twenty-year-old would be confused. An obvious response is that Mr. Gomez is alleged to have a prior §1326 conviction and should understand the criminality of these events. Yet, Mr. Gomez's criminal experience (allegedly) occurred in downtown San Diego in an arena that is distinct geographically, cosmetically, and professionally from the border patrol station near the hills of Imperial Beach.

Because Mr. Gomez did not understand his right to have a criminal attorney assist him, his waiver was not knowing, not intelligent, and thus not valid. Therefore, all of the subsequent statements must be suppressed.

**III.**

**REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Gomez has not received the audio cassette from the alleged deportation, nor has he viewed the A-File. After he does, Mr. Gomez will need to file additional motions accordingly. He requests leave to do so.

///
///
///
///
///

## IV.

## **CONCLUSION**

For the foregoing reasons, Mr. Gomez respectfully requests this Court to grant the above motions.

Respectfully submitted,

DATED:   July 2, 2008                          /s/ *Erick L. Guzman*
                                              **ERICK L. GUZMAN**
                                              Federal Defenders of San Diego, Inc.
                                              Attorneys for Luis Gomez
                                              erick_guzman@fd.org