KAREN P. HEWITT
United States Attorney
ANNE KRISTINA PERRY
Assistant U.S. Attorney
California State Bar No. 107440
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5767

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS MANUEL GOMEZ-DOMINGUEZ,<br><br>Defendant. | Criminal Case No. 08CR1003-WQH<br><br>DATE: July 24, 2008<br>TIME: 9:30 a.m.<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS, TOGETHER WITH STATEMENT OF FACTS, AND MEMORANDUM OF POINTS AND AUTHORITIES |

The UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Anne Kristina Perry, Assistant U.S. Attorney, respectfully submits its response in opposition to defendant LUIS MANUEL GOMEZ-DOMINGUEZ' motion to suppress his post-Miranda statements. This response is made and based upon the pleadings and papers on file herein, and the Memorandum of Points and Authorities attached hereto.

//

//

//

I

**PRELIMINARY STATEMENT**

On July 3, 2008, Luis Manuel Gomez-Dominguez ("Defendant") filed a motion to suppress his statements on the grounds of an invalid Miranda waiver and voluntariness. The Court ordered the Government to respond to Defendant's Motion by July 7, 2008. Defendant contends that he did not understand that he a right to a criminal attorney, but instead believed he had a right to an immigration attorney only. Defendant contends that this confusion resulted from (1) the questioning agent's dual advisory of Defendant's administrative rights and his Miranda rights, and (2) the agent's reference to immigration and administrative proceedings while advising Defendant of his Miranda rights.

The Court should deny Defendant's Motion because Defendant's claims of an involuntary Miranda waiver are without merit. First, any confusion Defendant may have had regarding his right to have a criminal attorney present during his post-arrest statement was eliminated when the agent advised Defendant that his administrative rights no longer applied prior to advising Defendant of his Miranda rights. See Defendant's Exhibit B. Second, after Agent Bean advised Defendant of his Miranda rights, which included the right to have a criminal attorney present, Defendant stated that he understood each of his rights the way Agent Bean had read them to him. Id. Third, Defendant voluntarily stated that he was willing to answer Agent Bean's questions without having an attorney present. Id. Therefore, Defendant's waiver was knowing, intelligent, and voluntary, because Defendant understood his rights, including his right to have a criminal attorney present during his post-arrest statement. Since

Defendant's claims are not cognizable, his motion to have his statements suppressed should be denied.

## II

## STATEMENT OF FACTS

On March 4, 2008, at approximately 9:05 a.m., Field Operations Supervisor (FOS) Adan Cortez was performing his duties west of the San Ysidro, California, Port of Entry. A border patrol agent alerted FOS Cortez via service radio that the agent observed three individuals walking north from the secondary fence. The location described is about 1.5 miles west of the San Ysidro, California, Port of Entry and about 50 yards north of the border fence. This area is notorious for the entry of undocumented aliens. Cortez responded to the call.

When Cortez arrived, he observed Defendant lying in the brush. Cortez approached Defendant, identified himself as a Border Patrol agent, and asked Defendant routine immigration questions. Defendant freely admitted that he was a citizen of Mexico with no legal right to enter the United States.[1/] About ten minutes after Defendant's arrest, with the assistance of additional agents, the remaining two individuals were found. All three individuals admitted to being citizens of Mexico with no legal right to enter the United States. All three, including Defendant, were detained and transported to the Imperial Beach Border Patrol station for processing.

At the station, Defendant was entered into the Automated Biometric Identification System. This provided Defendant's true identity and some of his prior criminal and immigration histories.

At approximately 1:42 p.m., while being video taped, Agent Ryan

---

[1] This Court has already found the field admissions admissable.

Bean advised Defendant in the Spanish language of his communication rights with the Mexican Consulate, witnessed by Agent Damond Foreman. Defendant stated that he understood this right and wished to speak with the consulate. The Agents provided Defendant the opportunity to do so.

At approximately 1:45 p.m., while being video taped, Agent Bean advised Defendant in the Spanish language of his Miranda warnings as witnessed by Agent Foreman. Defendant stated that he understood his rights and waived his right to remain silent. Defendant was also advised that his administrative rights no longer applied, and that he was being charged criminally. Defendant stated that he understood. Defendant admitted to the following: (1) being a citizen of Mexico with no legal right to enter the United States; (2) being previously deported; and (3) heading to Los Angeles to find work. At the conclusion of the interview, Defendant signed a Record of Sworn Statement.

## III

## DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MUST BE DENIED

In order for any statements made by a defendant to be admissible against him or her, they must be obtained in compliance with Miranda v. Arizona, 384 U.S. 436 (1966). Any waiver of a defendant's Miranda rights must be voluntary, knowing, and intelligent to constitute adequate compliance. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). A waiver is valid if it is made with "a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it". Colorado v. Spring, 479 U.S. 564, 573 (1987).

All individuals have the right to be informed, prior to custodial interrogation, of the right to the presence of an attorney, and that

if they cannot afford an attorney one will be appointed for them prior to any questioning if they so desire. United States v. San Juan-Cruz, 314 F.3d 384, 387 (9th Cir. 2002). When a defendant is interrogated without the presence of an attorney, and an incriminating statement results, the government must prove that the defendant intelligently and voluntarily waived his privilege against self-incrimination. Miranda, 384 U.S. at 475. In order for a warning to be adequate, the combination or the wording of its warnings cannot be affirmatively misleading; the warning must be clear and not susceptible to equivocation. San Juan-Cruz, 314 F.3d at 387.

In San Juan-Cruz, 314 F.3d at 388, the Ninth Circuit determined whether Miranda warnings are adequate when read after a conflicting set of administrative warnings have already been read. There, the defendant was read his administrative rights after he was taken into custody, which included a recitation of his right to have an attorney present during questioning "not at the government's expense." Right after the defendant's administrative rights were read, he was told that he would be criminally charged, and was read his Miranda rights, which included the right to an appointed attorney free of charge to be present during questioning. Id. The court held that the two set of conflicting instructions read one after another, without clarification, were inadequate and caused their meaning to become unclear. Id. However, the court clarified that the Agent could have "rectified the situation easily by clarifying his statements or advising San Juan-Cruz to disregard the administrative rights in favor of those that were read to him under Miranda". The warnings were deemed inadequate because the Agent did neither. San Juan-Cruz, 314 F.3d at 389.

Defendant alleges that Agent Bean's Miranda advisal was inadequate, and therefore Defendant was unaware of his right to have a criminal attorney present during his interrogation. Specifically, Defendant alleges that the advisory of his administrative rights, followed by his Miranda rights, created confusion that caused Defendant to not understand that he had a right to a criminal attorney free of charge. However, Agent Bean explicitly advised Defendant that his administrative rights no longer applied, because he was going to be prosecuted criminally, prior to advising Defendant of his Miranda rights. Agent Bean stated:

> "Your administrative rights do not apply anymore... Before we ask you any questions, you must understand your rights... You have the right to speak with an attorney so that he may advise you before we ask you some question, and to have him present with you during the questions... If you do not have the money to hire an attorney, one can be provided to you before we ask you some questions... If you decide to answer our questions now, without having an attorney present, you will always have the right to stop answering whenever you like... Do you understand?"

See Defendant's Exhibit B. At that point, Defendant stated "yes" to Agent Bean's question. In addition, Defendant initialed next to those rights on a printed form to indicate his understanding. Afterwards, Agent Bean asked Defendant, "are you willing to answer my questions without an attorney present". Defendant responded "yes", and initialed a second time. Id.

This case differs from San Juan-Cruz. Unlike the agent in that case, Agent Bean advised Defendant to disregard his previously read administrative rights in favor of those that were going to be read to him under Miranda. Therefore, the issue of inadequate Miranda warnings that was present in San Juan-Cruz is not present here, because Agent Bean alleviated any potential confusion. In addition,

Defendant stated that he understood his Miranda rights immediately after they were read, and initialed next to those rights on a printed form. This included the right to have a court-appointed attorney present during questioning free of charge. Moreover, Defendant responded "yes" when Agent Bean asked if Defendant was willing to answer questions without an attorney present.

This Court should hold that Defendant's constitutional rights were not violated, because Agent Bean's advisal adequately put Defendant on notice of his right to have an attorney present during questioning free of charge. Defendant's waiver was voluntary, knowing and intelligent. Thus, the waiver should be deemed valid, and this Court should deny Defendant's motion to have his post-arrest statements suppressed.

**IV**

**PETITIONER'S REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

The Government opposes Defendant's request for leave to file further motions. The Government has provided Defendant with the the audio cassette from his deportation hearing, as requested. Furthermore, the Government's understanding is that the Court requested the Government to review Defendant's A-File, not the Defendant. The Government has conducted that review and has observed no exculpatory evidence. In the interests of full disclosure, the Government is willing to provide defense counsel with the opportunity to view the A-file if this Court deems it to be necessary.

/

/

/

## V

## <u>CONCLUSION</u>

For the foregoing reasons, the United States asks that the Court deny the motion to suppress the post-<u>Miranda</u> statements, and limit the Defendant's new motions to those based on newly discovered evidence.

DATED: July 7, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*S/Anne Kristina Perry*
ANNE KRISTINA PERRY
Assistant United States Attorney
anne.perry2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LUIS MANUEL GOMEZ-DOMINGUEZ<br>Defendant. | Case No. 08CR1003 WQH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, ANNE PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the Government's ECF Notice of Appearance on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

ERICK GUZMAN, FEDERAL DEFENDERS OF SAN DIEGO, INC.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 7, 2008

s/ Anne Perry
Anne Kristina Perry
Anne.Perry2@usdoj.gov