1  KAREN P. HEWITT
   United States Attorney
2  ANNE KRISTINA PERRY
   Assistant United States Attorney
3  California Bar Number 107440
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6760
   Facsimile: (619) 235-5767
6
   Attorneys for Plaintiff
7  United States of America

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 UNITED STATES OF AMERICA,        )    Criminal Case No. 08CR1003-WQH
                                    )
12                                  )    **UNITED STATES' MOTIONS IN**
                                    )    **LIMINE TO:**
13          Plaintiff,              )
                                    )    **(1)  ADMIT A-FILE DOCUMENTS**
14     v.                           )    **(2)  PRECLUDE DEFENDANT FROM**
                                    )         **CHALLENGING HIS PRIOR**
15                                  )         **ORDER OF DEPORTATION**
                                    )    **(3)  INTRODUCE EXPERT**
16                                  )         **TESTIMONY**
   LUIS MANUEL GOMEZ-DOMINGUEZ      )    **(4)  PROHIBIT REFERENCE TO**
17                                  )         **REASON WHY DEFENDANT**
                                    )         **REENTERED U.S.**
18                                  )    **(5)  PROHIBIT REFERENCE TO**
                                    )         **PRIOR RESIDENCY**
19          Defendant.              )    **(6)  PROHIBIT REFERENCE TO**
                                    )         **POTENTIAL PUNISHMENT**
20                                  )    **(7)  EXCLUDE WITNESSES**
                                    )    **(8)  PRECLUDE DEFENSE EXPERT**
21                                  )         **WITNESSES**
                                    )    **(9)  PRECLUDE INTRODUCTION OF**
22                                  )         **NECESSITY OR DURESS**
                                    )    **(10) PROVIDE NOTICE OF PRIOR**
23                                  )         **CONVICTION AS EITHER 404(B)**
                                    )         **OR 609 EVIDENCE**
24                                  )    **(11) COMPEL RECIPROCAL**
                                    )         **DISCOVERY**
25                                  )
                                    )    Date:       July 24, 2008
26                                  )    Time:       9:30 a.m.
                                    )    Honorable:  William Q. Hayes
27

28      Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States
   Attorney, and Anne Kristina Perry, Assistant United States Attorney and hereby files its Motions in

Limine. These motions are based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

I

**STATEMENT OF FACTS**

**A.   Defendant's Criminal and Immigration Record**

Defendant, Luis Manuel Gomez-Dominguez, is a 20-year-old citizen of Mexico. Defendant was convicted on February 8, 2007, in the Arkansas Circuit Court in Benton City for sexual indecency with a minor in violation of Arkansas Code § 5-14-110(a)(1), for which he received a sentence of one hundred and twenty days imprisonment, and sixty months probation. On February 29, 2008, Defendant sustained a conviction in the United States Southern District Court for making a false statement to a federal officer in violation of 18 U.S.C. § 1001, for which he received time served and three years supervised release.

Defendant has never applied for lawful admission into the United States. Defendant appeared before an Immigration Judge for a deportation hearing on April 9, 2007, and was physically removed from the United States to Mexico. Defendant was most recently physically removed to Mexico on March 3, 2008.

**B.   Defendant's Apprehension**

On March 4, 2008, at approximately 9:05 a.m., Field Operations Supervisor (of the U.S. Border Patrol) Adan Cortez was performing his duties west of the San Ysidro, California, Port of Entry. Another agent alerted Cortez via service radio that he observed three individuals walking north from the secondary fence. The location described is about 1.5 miles west of the San Ysidro, California, Port of Entry and about 50 yards north of the border fence. This area is notorious for the entry of undocumented aliens. Cortez responded to the call.

When Cortez arrived, he observed Defendant lying in the brush. Cortez approached Defendant, identified himself as a Border Patrol agent, and asked Defendant routine immigration questions. Defendant freely admitted that he was a citizen of Mexico with no legal right to enter the United States. About ten minutes after Defendant's arrest, with the assistance of additional agents, the remaining two individuals were found. All three individuals admitted to being citizens of Mexico with no legal right

1  to enter the United States. All three, including Defendant, were detained and transported to the Imperial
2  Beach Border Patrol station for processing.

3      At the station, Defendant was entered into the Automated Biometric Identification System. This
4  provided Defendant's true identity and some of his prior criminal and immigration histories.

5      At approximately 1:42 p.m., while being video taped, Agent Ryan Bean advised Defendant in
6  the Spanish language of his communication rights with the Mexican Consulate as witnessed by Agent
7  Damond Foreman. Defendant stated that he understood this right and wished to speak with the consulate.
8  The Agents provided Defendant the opportunity to do so.

9      At approximately 1:45 p.m., while being video taped, Agent Bean advised Defendant in the
10 Spanish language of his <u>Miranda</u> warnings as witnessed by Agent Foreman. Defendant stated that he
11 understood his rights and waived his right to remain silent. Defendant was also advised that his
12 administrative rights no longer applied, and that he was being charged criminally. Defendant stated that
13 he understood. Defendant admitted to the following: (1) being a citizen of Mexico with no legal right
14 to enter the United States; (2) being previously deported; and (3) heading to Los Angeles to find work.
15 At the conclusion of the interview, Defendant signed a Record of Sworn Statement.

16     On April 2, 2008 a federal grand jury in the Southern District of California returned an
17 Indictment charging Defendant Luis Manuel Gomez-Dominguez ("Defendant") with being a deported
18 alien found in the United States, in violation of Title 8, United States Code, Section 1326. On April 3,
19 2008 Defendant was arraigned on the Indictment and pled not guilty. Trial is scheduled for Tuesday,
20 August 5, 2008 at 9:00 a.m., before the Honorable William Q. Hayes.

21                                               **II**

22 **A.   THE COURT SHOULD ADMIT A-FILE DOCUMENTS**

23     1.   <u>A-File Documents are Admissible as Public Records or Business Records</u>

24     The United States intends to offer documents maintained by the former Immigration and
25 Nationalization Service and current Department of Homeland Security pertaining to Defendant. The
26 agency maintains an "A-file" or "Alien-file" on Defendant, which contains documents reflecting most
27 of Defendant's immigration encounters. The United States moves to introduce "A File" documents to
28 establish Defendant's alienage, prior deportation, and that he was subsequently found in the United

States without having sought or obtained authorization from the Attorney General. The documents are self-authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records." Fed. R. Evid. 803(6).

The Ninth Circuit has addressed the admissibility of A-File documents in United States v. Loyola Dominguez, 125 F.3d 1315 (9th Cir. 1997). In Loyola Dominguez, the defendant appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from the illegal immigrant's "A File." Id. at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. Loyola Dominguez argued that admission of the documents violated the rule against hearsay and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. Id. at 1318. The court first noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation. Id.

Loyola-Dominguez is simply among the more recent restatements of the public-records and business-records rules. Courts in this Circuit have consistently held that documents from a defendant's immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and prior deportation. See United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court properly admitted certificate of nonexistence as absence of a public record); United States v. Sotelo, 109 F.3d 1446, 1449 (9th Cir. 1997) (holding warrant of deportation admissible to prove alienage); United States v. Contreras, 63 F.3d 852, 857 (9th Cir. 1995) (district court properly admitted warrant of deportation as public record); United States v. Hernandez-Rojas, 617 F.2d at 535 (district court properly admitted warrant of deportation as public record).

    2.    <u>A Certificate of Non-existence Does not Violate the Confrontation Clause</u>

The United States moves to introduce a Certificate of Non-existence of Record ("CNR"), prepared by an authorized official at the Department of Homeland Security and certifying that there are

no records in any of the Department's databases, files, or archives that Defendant has ever applied for, or been granted, permission to reenter the United States following his deportation. The Ninth Circuit has held that a CNR is not "testimonial" within the meaning of Crawford v. Washington, 124 S. Ct. 1354 (2004) and therefore that its admission into evidence does not violate the Confrontation Clause of the United States Constitution.  See United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir. 2005); Sotelo, 215 F.3d 1039, 1042-43.

**B.    THE COURT SHOULD PROHIBIT DEFENDANT FROM COLLATERALLY ATTACKING HIS PRIOR DEPORTATION ORDER AT TRIAL**

Defendant has not challenged the lawfulness of his prior deportation proceeding. Thus, Defendant should be barred from raising such issue at trial. The validity of a prior deportation is a matter of law and not of fact and as such it is up to the judge to make such ruling. In fact the lawfulness of the prior deportation is not an element of illegal reentry. The significant factor is that the Defendant was in fact physically removed from the United States.

Although a criminal defendant can move to challenge the lawfulness of his prior deportation, this can only happen at the motion stage, not at the trial. In United States v. Alvarado-Delgado, 98 F.3d 492 (9th Cir. 1996), the Ninth Circuit held that at trial the government does not have to prove the lawfulness of the prior deportation because lawfulness of the prior deportation is not an element of the offense. The only matter the government must prove is that the defendant was actually deported.

Based on the Alvarado-Delgado decision and others like it, any evidence of the lawfulness of the prior deportation is irrelevant since it is not an element of the offense. Because this Court has already denied Defendant's challenge to the validity of his prior deportation, Defendant should not be permitted to attempt to repeat the challenge in front of the jury.

**C.    THE COURT SHOULD ADMIT EXPERT TESTIMONY**

The United States moves to admit testimony of a fingerprint expert to identify Defendant as the person who was previously deported from the United States, and found in the United States on March 4, 2008. The United States is providing notice of its intent to call David Beers as an expert and is providing Defendant with a summary of Mr. Beers' qualifications.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed.

R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. See United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704. Here, the fingerprint expert's testimony will assist the triers-of-fact in determining whether the deportation and found-in evidence relate to the individual in the courtroom. Defendant has been provided notice of the United States' expert, his report of conclusions, and will be provided with a copy of his curriculum vitae.

Because the evidence goes to the essential question of identity, this expert testimony should be admitted.

**D.  THE COURT SHOULD PROHIBIT REFERENCE TO WHY THE DEFENDANT REENTERED THE UNITED STATES**

Defendant may attempt to offer evidence of the reason for his reentry, or alternatively, his belief that he was entitled to do so. Defendant may also attempt to offer evidence of the reason for his being in the United States, or alternatively, his belief that he was entitled to be here. The Court should preclude him from doing so. Evidence of why Defendant violated Section 1326 is patently irrelevant to the question of whether he did so -- the only material issue in this case. Rule 401 defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 states that evidence "which is not relevant is not admissible." Fed. R. Evid. 402. Here, the reason why Defendant reentered the United States, and his belief that he was justified in doing so, is irrelevant to whether he violated Section 1326. Likewise, the reason why Defendant was in the United States, and his belief that he was justified in being here, is irrelevant.

The case of United States v. Komisaruk, 885 F.2d 490 (9th Cir. 1980), is illustrative. Komisaruk was convicted of willfully damaging government property by vandalizing an Air Force computer. Id. at 491. On appeal, she argued that the district court erred in granting the government's motions *in limine*

...

to preclude her from introducing her "political, religious, or moral beliefs" at trial. Id. at 492. In particular, she argued that she was entitled to introduce evidence of her anti-nuclear war views, her belief that the Air Force computer was illegal under international law, and that she was otherwise morally and legally justified in her actions. Id. at 492-93. The district court held that her "personal disagreement with national defense policies could not be used to establish a legal justification for violating federal law nor as a negative defense to the government's proof of the elements of the charged crime," id. at 492, and the Ninth Circuit affirmed. Similarly here, the reason why Defendant reentered the United States and his belief that he was entitled to do so, and the reason why he was in the United States and his belief that he was entitled to be here, are irrelevant to any fact at issue in this case.

### E.     THE COURT SHOULD PROHIBIT REFERENCE TO PRIOR RESIDENCY

The Court should preclude Defendant from introducing evidence at trial of any former residence in the United States, legal or illegal. Such evidence is not only prejudicial, but irrelevant and contrary to Congressional intent.

In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993) overruled on other grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), the district court granted the United States' motion *in limine* to preclude Ibarra from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution. The Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage, the district court properly excluded it as irrelevant. Id.

Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant filed a motion in limine to introduce evidence of what she termed "de facto" citizenship as an affirmative defense in a Section 1326 prosecution. Id. at 711. Specifically, she sought to introduce evidence of the involuntariness of her initial residence; her continuous residency since childhood; her fluency in the English language; and the legal residence of immediate family members. Id. at 712. The court denied the motion, noting that "none of these elements are relevant to the elements that are required for conviction under § 1326." Id. The court also noted that admission of the evidence would run "contrary to the intent of Congress," because "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented the first time she was deported." Id. Therefore, the court held,

"[a]llowing her to present the defense now would run contrary to Congress' intent." Id. In particular, "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, and not to juries." Id. (emphasis added).

Accordingly, evidence to residency, U.S. citizen children and spouses, and difficulty of surviving in Mexico should be precluded.

**F.   MOTION TO EXCLUDE EVIDENCE AND ARGUMENT REFERRING TO DEFENDANT'S AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

"Evidence which is not relevant is not admissible," (Fed. R. Evid. 402), and the jury should "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." Ninth Cir. Model Jury Instructions, § 3.1 (2003). Here, it is anticipated that Defendant may attempt to introduce evidence about his family circumstances or medical condition. This information is irrelevant to this case and should be excluded. Such evidence is not only irrelevant and unfairly prejudicial, but a blatant play for sympathy and jury nullification as well.

Defense counsel may wish to mention Defendant's potential penalties to the jury. Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromise verdicts, and confuses the issues to be decided. See United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995); United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt. 9th Cir. Crim. Jury Instr. §7.4 (2003). Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for the defendant and prejudice against the United States.

The United States respectfully requests this Court to preclude any mention of possible penalty and/or felony designation at any point during the trial.

**G.   THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this

point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

### H.  THE COURT SHOULD PRECLUDE ANY EXPERT TESTIMONY BY DEFENSE WITNESSES

The United States has requested reciprocal discovery, and this Court granted the reciprocal discovery motion on June 9, 2008.  The United States is permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial.  Moreover, Defendant must disclose written summaries of testimony that Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial.  The summaries are to describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.  Defendant has provided neither notice of any expert witness, nor any reports by expert witnesses.  Accordingly, Defendant should not be permitted to introduce any expert testimony.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also  United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

### I.  THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS AND NECESSITY

A district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992)(Internal quotation omitted.)

In order to rely on a defense of duress, Defendant must establish a prima facie case that:

(1)    Defendant committed the crime charged because of an immediate threat of death or

serious bodily harm;

(2) Defendant had a well-grounded fear that the threat would be carried out; and

(3) There was no reasonable opportunity to escape the threatened harm.

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d 994, 997. If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense. See, e.g., Bailey, 444 U.S. 394, 416.

A defendant must establish the existence of four elements to be entitled to a necessity defense:

(1) that he was faced with a choice of evils and chose the lesser evil;

(2) that he acted to prevent imminent harm;

(3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

(4) that there was no other legal alternatives to violating the law.

See Schoon, 971 F.2d 193, 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195 (Internal quotations omitted.)

The United States hereby moves for an evidentiary ruling precluding defense counsel from making any comments during the opening statement or the case-in-chief that relate to any purported defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing satisfying each and every element of the defense. The United States respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and an invitation for jury nullification that would result from such comments.

**K.   NOTICE OF INTENT TO USE PRIOR CONVICTION AS EITHER 404(B) EVIDENCE OR FOR IMPEACHMENT**

On or about December 13, 2007, the Defendant suffered a conviction in this Courthouse for making a false statement, in violation of Title 18, United States Code, Section 1001. Reports and the plea agreement on that case have previously been distributed in discovery. The United States herein provides notice of its intent to use the facts and circumstances of that case either as "other bad acts" evidence, pursuant to Fed. R. Evid. 404(b), or as impeachment evidence should the defendant take the stand.

**L.     UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY**

The Court granted the United States' request for reciprocal discovery. As of the date of these motions, Defendant has produced no reciprocal discovery. The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of <u>all</u> witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements. Accordingly, the United States intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

**III**

**CONCLUSION**

For the foregoing reasons, the United States respectfully asks that the Court grant its motions.

DATED: July 8, 2008

                        Respectfully Submitted,

                        KAREN P. HEWITT
                        United States Attorney

                        ***/s/ Anne Kristina Perry***

                        ANNE KRISTINA PERRY
                        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>LUIS MANUEL GOMEZ-DOMINGUEZ,<br>    Defendant. | ) ) ) ) ) ) ) ) | Case No. 08CR1003-WQH<br><br>**CERTIFICATE OF SERVICE** |
|---|---|---|

IT IS HEREBY CERTIFIED that:

I, ANNE KRISTINA PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S MOTIONS IN LIMINE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

  Erick L. Guzman
  Attorney for Defendant Luis Manuel Gomez-Dominguez

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 8, 2008

            /s/ *Anne Kristina Perry*

            ANNE KRISTINA PERRY