1  KAREN P. HEWITT
   United States Attorney
2  ANNE KRISTINA PERRY
   Assistant United States Attorney
3  California Bar Number 107440
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6760
   Facsimile: (619) 235-5767
6  anne.perry2@doj.gov

7  Attorneys for Plaintiff
   United States of America

8

                    **UNITED STATES DISTRICT COURT**
9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11

   UNITED STATES OF AMERICA,          )    Criminal Case No.  08CR1003-WQH
12                                     )
                      Plaintiff,       )    Date:         July 24, 2008
13                                     )    Time:         9:00 a.m.
              v.                       )    Honorable:    William Q. Hayes
14                                     )
   LUIS MANUEL GOMEZ-DOMINGUEZ,        )    **GOVERNMENT'S RESPONSE IN**
15                                     )    **OPPOSITION TO DEFENDANT'S**
                      Defendant.       )    **MOTIONS IN LIMINE TO:**
16                                     )
                                       )    **(1)**  **Prohibit evidence pursuant to Fed.**
17                                     )            **R. Evid. 404(b) and 609;**
                                       )    **(2)**  **Preclude the Government from**
18                                     )            **using deportation documents at**
                                       )            **trial;**
19                                     )    **(3)**  **Compel Government to produce**
                                       )            **additional reports;**
20                                     )    **(4)**  **Compel production of Grand Jury**
                                       )            **transcripts;**
21                                     )    **(5)**  **Compel inspection of certified**
                                       )            **documents pre-trial;**
22                                     )    **(6)**  **To allow attorney-conducted voir**
                                       )            **dire;**
23                                     )    **(7)**  **To suppress deportation hearing**
                                       )            **audio recording or transcript;**
24                                     )    **(8)**  **Admit the defendant's entire**
                                       )            **statements under the Rule of**
25                                     )            **Completeness;**
                                       )    **(9)**  **For leave to file further motions;**
26                                     )    **(10)** **To preclude testimony;**
                                       )    **(11)** **To preclude A-File custodian from**
27                                     )            **testifying about immigration**
                                       )            **proceedings;**
28                                     )    **(12)** **To preclude A-File custodian from**
                                       )            **testifying about searching databases**
                                       )            **for permission to re-enter;**
                                       )

1                                       )     **(13)**   **To provide each juror with separate copy of jury instructions;**

2                                       )     **(14)**   **To not send indictment back into jury room;**

3                                       )     **(15)**   **To preclude the Government from introducing evidence of a reinstatement of deportation**

4

5

6      Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States

7 Attorney, and Anne Kristina Perry, Assistant United States Attorney and hereby files its Response in

8 Opposition to Defendant's Motions.  This response in opposition is based upon the files and records of

9 the case together with the attached statement of facts and memorandum of points and authorities.

**I**

10

**STATEMENT OF FACTS**

11

    **A.**     **Defendant's Criminal and Immigration Record**

12

13      Defendant, Luis Manuel Gomez-Dominguez, is a 20-year-old citizen of Mexico.  Defendant was

14 convicted on February 8, 2007, in the Arkansas Circuit Court in Benton City for sexual indecency with

15 a minor, in violation of Arkansas Code § 5-14-110(a)(1), for which he received a sentence of one

16 hundred and twenty days imprisonment, and sixty months probation.  On February 29, 2008, Defendant

17 sustained a conviction in the United States Southern District Court for making a false statement to a

18 federal officer, in violation of 18 U.S.C. § 1001, for which he received time served and three years

19 supervised release.

20      Defendant has never applied for lawful admission into the United States.  Defendant appeared

21 before an Immigration Judge for a deportation hearing on April 9, 2007, and was physically removed

22 from the United States to Mexico.  Defendant was most recently physically removed to Mexico on

23 March 3, 2008.

    **B.**     **Defendant's Apprehension**

24

25      On March 4, 2008, at approximately 9:05 a.m., Field Operations Supervisor Adan Cortez was

26 performing his duties west of the San Ysidro, California, Port of Entry. A border patrol agent alerted

27 FOS Cortez via service radio that the agent observed three individuals walking north from the secondary

28 fence.  The location described is about 1.5 miles west of the San Ysidro, California, Port of Entry and

1 | about 50 yards north of the border fence. This area is notorious for the entry of undocumented aliens.

2 | FOS Cortex responded to the call.

3 |      When FOS Cortez arrived, he observed Defendant lying in the brush. FOS Cortez approached

4 | Defendant, identified himself as a Border Patrol agent, and asked Defendant routine immigration

5 | questions. Defendant freely admitted that he was a citizen of Mexico with no legal right to enter the

6 | United States. About ten minutes after Defendant's arrest, with the assistance of additional agents, the

7 | remaining two individuals were found. All three individuals admitted to being citizens of Mexico with

8 | no legal right to enter the United States. All three, including Defendant, were detained and transported

9 | to the Imperial Beach Border Patrol station for processing.

10 |      At the station, Defendant was entered into the Automated Biometric Identification System. This

11 | provided Defendant's true identity and some of his prior criminal and immigration histories.

12 |      At approximately 1:42 p.m., while being video taped, Agent Ryan Bean advised Defendant in

13 | the Spanish language of his communication rights with the Mexican Consulate as witnessed by Agent

14 | Damond Foreman. Defendant stated that he understood this right and wished to speak with the

15 | consulate. The Agents provided Defendant the opportunity to do so.

16 |      At approximately 1:45 p.m., while being video taped, Agent Bean advised Defendant in the

17 | Spanish language of his <u>Miranda</u> warnings as witnessed by Agent Foreman. Defendant stated that he

18 | understood his rights and waived his right to remain silent. Defendant was also advised that his

19 | administrative rights no longer applied, and that he was being charged criminally. Defendant stated that

20 | he understood. Defendant admitted to the following: (1) being a citizen of Mexico with no legal right

21 | to enter the United States; (2) being previously deported; and (3) heading to Los Angeles to find work.

22 | At the conclusion of the interview, Defendant signed a Record of Sworn Statement.

23 |      On April 2, 2008, a federal grand jury in the Southern District of California returned an

24 | Indictment charging Defendant Luis Manuel Gomez-Dominguez ("Defendant") with being a deported

25 | alien found in the United States, in violation of Title 8, United States Code, Section 1326. On April 3,

26 | 2008 Defendant was arraigned on the Indictment and pled not guilty. Trial is presently set before this

27 | Court on August 5, 2008, at 9:00 a.m.

28 |

**II**

**ARGUMENT**

**A.    THE COURT SHOULD DENY DEFENDANT'S MOTION TO PROHIBIT
ANY EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b) AND 609**

Federal Rule of Evidence 609(a)(1) provides that evidence that an accused has been convicted of a crime "shall be admitted, subject to Rule 403, if the crime was punishable by ... imprisonment in excess of one year ... and ... if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Federal Rule of Evidence 404(b) requires that the government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. Federal Rules of Evidence 404(b). Notice is a condition precedent to admission of other acts as evidence. Fed. R. Evid. 404(b), 1991 Advisory Committee Notes.

Defendant, Luis Manuel Gomez-Dominguez, is a 20-year-old citizen of Mexico. Defendant was convicted on February 8, 2007, in the Arkansas Circuit Court in Benton City for sexual indecency with a minor, in violation of Arkansas Code § 5-14-110(a)(1), for which he received a sentence of one hundred and twenty days imprisonment, and sixty months probation. On February 29, 2008, Defendant sustained a conviction in the United States Southern District Court for making a false statement to a federal officer, in violation of 18 U.S.C. § 1001, for which he received time served and three years supervised release. If Defendant chooses to testify, his credibility will be a central issue in the case and Defendant's character for honesty is a factor that should be carefully weighed by the Court. The importance of Defendant's testimony is crucial in a case such as this, where Defendant would presumably be called to testify only if he intended to claim that: (1) he was involuntarily brought to this country; (2) he did not have a conscious desire to enter the United States; (3) he was never actually deported; (4) he was not an illegal alien; (5) he had received the permission to re-enter the United States, even though the Department of Homeland Security has no record of such permission being granted; or (6) he entered this country out of extreme necessity.

Accordingly, the United States should be allowed to introduce evidence of Defendant's prior felony conviction under Rule 609 if Defendant elects to testify at trial. If the Court believes that the nature of Defendant's prior convictions is overly prejudicial, the United States will comply with any ruling imposed to sanitize the nature of the convictions.

1      Further, the Government has complied with notice requirements of "other acts" evidence. The

2   Defendant has records pertaining to the earlier arrest, and has since the first time discovery was

3   distributed. Additionally, the Government provided formal notice of 404(b) evidence in its motions in

4   limine. Federal Rule of Evidence 404(b) merely requires reasonable notice in advance of trial. The trial

5   is scheduled to commence on August 5, 2008, over three weeks from this point, which is more than

6   enough time to provide adequate notice to the Defendant. Therefore, the Government requests that the

7   Court deny Defendant's motion to prohibit the Government from introducing any 404(b) evidence**.**

8   **B.    THE COURT SHOULD DENY DEFENDANT'S MOTION TO PRECLUDE
        GOVERNMENT FROM USING DEPORTATION DOCUMENTS AT TRIAL**

9

10      The Government intends to offer documents from the Defendant's "A" file to establish

11   Defendant's alienage and his prior deportation. It is well settled that each of the above-listed documents

12   are admissible as self-authenticating "public records" (see Fed.R.Evid.803(8)(B)). Alternatively, these

13   documents are admissible as "business records" (see Fed.R.Evid. 803(6)). The Ninth Circuit most

14   recently considered the issue in United States v. Loyola Dominguez, 125 F.3d 1315 (9th Cir. 1997).

15   There, Loyola Dominguez appealed his section 1326 conviction, arguing, among other things, that the

16   district court erred in admitting records from his "A" file at trial. Id. at 1317. In particular, the district

17   court admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior

18   deportation order; and (4) a prior warrant of deportation. Id. at 5. The defendant argued that admission

19   of the documents violated the rule against hearsay, and denied him his Sixth Amendment right to

20   confront witnesses.

21      The Ninth Circuit rejected his argument, holding that "the documents were properly admitted

22   as public records." Id. at 3. The Court first noted that documents from defendant's immigration file,

23   although "made by law enforcement agents, ....reflect only ministerial, objective observation[s]' and do

24   not implicate the concerns animating from law enforcement exception to the public records exception."

25   Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-535 (9th Cir. 1980)). The Court also

26   held that such documents are self-authenticating, and therefore do not require an independent

27   foundation.

28      Loyola-Dominguez is simply the latest restatement of the rule. Courts in this Circuit have
    consistently held that documents from a defendant's immigration file are admissible in a Section 1326

1  prosecution to establish the defendant's alienage and prior deportation.  See United States v. Contreras,

2  63 F.3d 852, 857-858 (9th Cir. 1995) (district court properly admitted warrant of deportation,

3  deportation order and deportation hearing transcript in Section 1326 prosecution); United States v.

4  Hernandez Rojas, 617 F.2d at 535 (district court properly admitted warrant of deportation as public

5  record); United States v. Dekermenjian, 508 F.2d 812, 814, 814n.1 (1974) (district court properly

6  admitted "certain records and memoranda of the Immigration and Naturalization Service" as business

7  records during Section 1326 Prosecution; noting that records would also be admissible as public records;

8  United States v. Mendoza-Torres, 285 F.Supp 629, 631 (D.Ariz. 1968) (admitting a warrant of

9  deportation in Section 1326 prosecution).  Accordingly, in the present case,the Court should admit the

10  relevant  immigration  documents from defendant's "A" file.

11      The Notice to Appear is important evidence that Defendant was placed into removal

12  proceedings, and that he had adequate notice of the pending proceedings.  It is admissible as an official

13  public record.  Additionally, the Notice to Appear places Defendant's admissions in the deportation

14  hearing in context, since the immigration judge refers to the allegations contained in the Notice to

15  Appear.  Without the Notice to Appear, the immigration hearing makes no sense, and would confuse

16  the jury.  The Warnings to Alien Ordered Deported or Removed form is important evidence about

17  Defendant's knowing and voluntary re-entry, and is both relevant and admissible.  Therefore, the

18  Government requests that the Court deny Defendant's motion to preclude Government from using

19  deportation documents at trial.

20  **C.    THE COURT SHOULD DENY DEFENDANT'S MOTION TO ORDER
        PRODUCTION OF ANY SUPPLEMENTAL REPORTS**

21

22      This Court ordered the Government to search the Defendant's A-File for any Brady material.

    In addition, in an abundance of caution, new Government counsel has offered to make the file available

23
    for inspection.  The Defendant's fingerprint analysis has been disclosed to the defense.  Any further
24
    records production, absent a demonstration of particularized need, should be denied.
25

26  **D.    THE COURT SHOULD DENY DEFENDANT'S MOTION TO ORDER
        PRODUCTION OF GRAND JURY TRANSCRIPTS**

27      To the extent the grand jury transcript sought by Defendant consists of statements of

28  Government witnesses, otherwise subject to the so-called Jencks Act (18 U.S.C. § 3500), both the Ninth

1  Circuit and the apparent weight of authority hold disclosure may not be required except under the terms

2  of that act.  Thus, pretrial discovery of such transcripts must be denied, and the only access available

3  to the defendant after the witness has been called by the United States and has testified on direct

4  examination.

5          In United States v. Daras, 462 F.2d 1361 (9th Cir.), cert. denied, 409 U.S. 1046 (1972),

6  defendant was convicted of possession of cocaine with intent to distribute.  On appeal, they assailed the

7  failure of the district court to allow them access to the grand jury testimony.  In a per curiam opinion,

8  the Ninth Circuit summarily disposed of that contention stating:

9          It was not error to refuse the appellant's access to the grand jury transcripts . . . The
        transcript, as to witnesses other than the defendants, is covered by the Jencks Act, 18
10       U.S.C. § 3500, and is not available until the grand jury witness has completed his trial
        testimony.  Here, the grand jury witness was not one called or to be called at trial.

11

12  462 F.2d at 1362.  The same view was expressed in United States v. Hearst, 412 F. Supp. 863, 869 (N.D.

13  Cal. 1975), as well as in several decisions at the appellate level.  See, e.g., United States v. Tagar, 481

14  F.2d 97, 100 (9th Cir. 1973); United States v. Quintana, 457 F.2d 874, 878 (10th Cir. 1972); United

15  States v. Goetluck, 433 F.2d 971 (9th Cir. 1970); United States v. Campagnudo, 592 F.2d 852 (5th Cir.

16  1979).

17          The conclusion that the Jencks Act is controlling, with respect to disclosure of Government

18  witnesses' testimony before the grand jury, is consistent with the purposes and scope of Rule 6(e) of the

19  Federal Rules of Criminal Procedure.  In Fund for Constitutional Government v. National Archives, 656

20  F.2d 856 (D.C. Cir. 1981), the court stated that "the legislative history and cases construing this rule

21  [6(e)] indicates that it was intended to preserve the traditional rule of grand jury secrecy with certain

22  limited exceptions."  Id. at 868.  Further, the court in United States v. Weinstein, 511 F.2d 622 (2d Cir.

23  1975), stated that the rule "was not designed as an authorization for pretrial discovery."  Id. at 627.

24  Thus, the exception in Rule 6(e)(3)(C) allowing disclosure of grand jury matters on court order "in

25  connection with a judicial proceeding," must give way to the Jencks Act unless the defendant can show

26  "a particularized need" that outweighs the policy of grand jury secrecy.  United States v. Walczak, 783

27  F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985).

28          The Government need not make a showing of a possible threat to the lives of the grand jury

    witnesses in order to maintain the need for secrecy.  United States v. Wellington, 754 F.2d 1457, 1469

1 (9th Cir. 1985).

2       Furthermore, even if the examination of the transcript reveals <u>Brady</u> material, the transcript is

3 still not discoverable prior to trial.  This circuit has held that when the defense seeks material which is

4 both Jencks Act and <u>Brady</u> materials, the Jencks Act controls.  <u>United States v. Jones</u>, 612 F.2d 453, 455

5 (9th Cir.), <u>cert. denied</u>, 445 U.S. 966 (1980).

6       The Jencks Act does provide that once the witness has testified on direct examination in the trial,

7 statements in the possession of the Government are subject to subpoena, discovery, or inspection.

8 Title 18, United States Code, Section 3500.  Therefore, the Government requests that the Court deny

9 Defendant's motion to order production of grand jury transcripts.

10      **E.      THE COURT SHOULD DENY DEFENDANT'S MOTION TO
                 COMPEL INSPECTION OF CERTIFIED DOCUMENTS PRE-TRIAL**

11

12      The United States does intend to provide the Defendant with a marked copy of the exhibits it

13 intends to use pretrial.  Thus, this motion should be denied as moot.

14      **F.      THE GOVERNMENT DOES NOT OPPOSE DEFENDANT'S MOTION
                 TO ALLOW ATTORNEY-CONDUCTED VOIR DIRE**

15      The Government does not object to the request for attorney voir dire.  It should be noted,

16 however, that it is not an abuse of discretion for the trial judge to insist upon the court conducting voir

17 dire.  <u>United States v. Cutler</u>, 806 F.2d 933 (9th Cir. 1986).  The United States joins in this request, and

18 is confident this Court will allow each attorney equal time to question the potential jurors.

19      **G.      THE COURT SHOULD DENY DEFENDANT'S MOTION TO SUPPRESS
                 THE DEPORTATION HEARING AUDIOTAPE OR TRANSCRIPT**

20

21      Defendant's admissions made during his deportation hearing are relevant to establish his

alienage, an essential issue at trial.  Evidence of his admissions is relevant and admissible.  It is not

22 substantially more prejudicial than probative. By asking the Court to suppress statements made during

23 Defendant's deportation hearing, the Defendant invites this Court to do what the Supreme Court was

24 unwilling to do in <u>United States  v. Mendoza-Lopez</u>, 481 U.S. 828 (1987) – that is, to hold that an

25 administrative adjudication can never be used as an element of a criminal offense.  This Court should

26 reject Defendant's request.  Defendant lacks support for his proposition.  As in all prosecutions, the

27 Government in a § 1326 case must prove beyond a reasonable doubt every element of the crime charged.

28 Congress can certainly use a final judgment from a civil adjudication proceeding as an element of the

1    offense.  As Justice Scalia suggested in his dissenting opinion in <u>Mendoza-Lopez</u>:

2        [I]magine that a State establishes an administrative agency that (after investigation and
         full judicial-type administrative hearings) periodically publishes a list of unethical
3        businesses.  Further imagine that the State, having discovered that a number of
         previously listed businesses are bribing the agency's investigators to avoid future listing,
4        passes a law making it a felony for a business that has been listed to bribe agency
         investigators.

5    <u>Mendoza-Lopez</u>, 481 U.S. at 848 (Scalia, J., dissenting).  Certainly Congress had authority to use the

6    prior administrative-agency finding of "unethical business" as an element of the newly created felony

7    offense of bribery by a business previously adjudicated as unethical.  The scope of Congress' authority

8    in immigration law makes the argument regarding § 1326 even more compelling.  When enacting

9    § 1326, Congress had authority to omit entirely the element of a prior deportation order, i.e., Congress

10   could have made "deportable" persons subject to § 1326, regardless of whether INS actually issued a

11   warrant of deportation.  Inherent in such authority is Congress' ability to afford persons subject to

12   deportation pursuant to a prior deportability status the additional protection of making the government

13   prove such person was in fact ordered deported under the well-established civil adjudication process for

14   deportation of persons illegally in the U.S.  To suggest Congress lacks this lesser authority is illogical.

15   Therefore, the Government requests that the Court deny Defendant's motion to suppress the deportation

16   hearing audiotape or transcript.

17       **H.    THE GOVERNMENT DOES NOT OPPOSE ADMITTING DEFENDANT'S
              ENTIRE STATEMENTS UNDER THE RULE OF COMPLETENESS**
18

19       This defendant made no exculpatory statements.  His entire statements to agents are inculpatory,

20   and thus admissible as admissions of a party opponent.

21       **I.    THE COURT SHOULD DENY DEFENDANT'S MOTION
              TO PRECLUDE EXPERT TESTIMONY**
22

23       The United States previously moved to admit testimony of David Beers, a fingerprint expert, to

24   identify Defendant as the person who was previously deported from the United States, and found in the

25   United States on April 9, 2007.  The United States has provided written notice of its intention to use

26   expert testimony.  This notice also included a written summary of testimony the United States intends

27   to use pursuant to Federal Rules of Evidence 702, 703, and 705, during the trial in the above-referenced

28   criminal matter.

         If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining

1    a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed.

2    R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the

3    facts at issue is within the sound discretion of the trial judge. See United States v. Alonso, 48 F.3d 1536,

4    1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion

5    may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type

6    reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide

7    opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact.

8    Fed. R. Evid. 704. Here, the fingerprint expert's testimony will assist the triers-of-fact in determining

9    whether the deportation and found-in evidence relate to the individual in the courtroom. Defendant has

10   been provided notice of the United States' expert, and will be provided with his report of conclusions,

11   and a copy of his curriculum vitae.

12        Because the evidence goes to the essential question of identity, this expert testimony should be

13   admitted. Therefore, the Government requests that the Court deny Defendant's motion to preclude

14   expert testimony.

15   **J.    THE COURT SHOULD DENY DEFENDANT'S MOTION TO**
     **PRECLUDE THE "A-FILE" CUSTODIAN FROM TESTIFYING**
16   **ABOUT IMMIGRATION PROCEEDINGS AND ABOUT**
     **SEARCHING DATABASES FOR PERMISSION TO RE-ENTER**

17
         At trial, although not expected to give expert opinions based upon specialized knowledge, Border
18
     Patrol Agent Sean Braud will be called to testify regarding documents contained in Defendant's A-File.
19
     See Fed. R. Evid. 701 (such testimony is "helpful to a clear understanding of the determination of a fact
20
     in issue"); United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995) (in a drug case, the court found
21
     that "[t]hese observations are common enough and require such a limited amount of expertise, if any,
22
     that they can, indeed, be deemed lay witness opinion"); United States v. Loyola-Dominguez, 125 F.3d
23
     1315, 1317 (9th Cir. 1997) (agent "served as the conduit through which the government introduced
24
     documents from INS' Alien Registry File".) He will testify regarding the purpose of the A-File, what
25
     documents are contained within the A-File and he will explain those documents. Although not required,
26
     Defendant was provided notice of the Government's intent to have such a witness at trial. In addition,
27
     the custodian is available for cross examination. Therefore, the Government requests that the Court
28
     deny Defendant's motion to preclude the A-File Custodian from testifying.

                                            10                              08CR1003-WQH

**K.    THE GOVERNMENT SUBMITS THE REQUEST TO ALLOW EACH
        JUROR TO HAVE A SEPARATE COPY OF JURY INSTRUCTIONS**

The Defendant seeks to have each juror provided with an individual set of jury instructions.

The Government  will defer to this Court's individual practice in this regard.

**L.    THE COURT SHOULD DENY DEFENDANT'S MOTION
        TO NOT SEND THE INDICTMENT INTO THE JURY ROOM
        DURING DELIBERATIONS**

The Indictment provides guidance for the jurors as they evaluate the evidence.  However, the

Government defers to the usual practices of this Honorable Court in this regard.

**M.    THE COURT SHOULD DENY DEFENDANT'S MOTION
        TO PRECLUDE FROM INTRODUCING EVIDENCE OF A
        REINSTATEMENT OF DEPORTATION**

A reinstatement of a judge's order of deportation is admissible in a 1326 trial. <u>See</u>, e.g., <u>United

States v. Martinez-Rodriguez</u>, 472 F.3d 1087, 1091-92 (9th Cir. 2007).  In <u>Martinez-Rodriguez</u>, the

Ninth Circuit upheld the use of a reinstatement of deportation order to demonstrate that the defendant

had in fact been removed from the United States, an essential element of the offense. <u>Id.</u>  In the instant

case, the Defendant's most recent exit from the United States on March 3, 2008, was preceded by a

reinstatement.  The defendant then entered the United States again on March 4, 2008.

**N.    THE COURT SHOULD DENY DEFENDANT'S MOTION FOR
        LEAVE TO FILE FURTHER MOTIONS**

The United States strongly opposes this motion.  Defendant has already violated the Local Rules

by filing substantive motions long after the deadline.  Therefore, the Government requests that the Court

deny Defendant's motion for leave to file further motions.

1

**III**

2

**CONCLUSION**

3      For the foregoing reasons, the United States respectfully asks that the Court deny all of

4 Defendant's motions, except where unopposed.

5      DATED:  July 15, 2008.

6                                                        Respectfully Submitted,

7                                                        KAREN P. HEWITT
                                                       United States Attorney

8                                                        *s/Anne Kristina Perry*
                                                       ANNE KRISTINA PERRY
9                                                        Assistant U.S. Attorney
                                                       anne.perry2@usdoj.gov
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08CR1003-WQH

1
2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

3

UNITED STATES OF AMERICA,            )          Case No. 08CR1003-WQH

4                                     )
               Plaintiff,           )

5                                     )          **CERTIFICATE OF SERVICE**
           v.                      )

6                                     )
LUIS MANUEL GOMEZ-DOMINGUEZ,          )

7                                     )
             Defendant.          )

8  _____   )

9          IT IS HEREBY CERTIFIED that:

10         I, ANNE KRISTINA PERRY, am a citizen of the United States and am at least eighteen years

11 of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101.

12         I am not a party to the above-entitled action.  I have caused service of GOVERNMENT'S

13 RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS on the following parties by

14 electronically filing the foregoing with the Clerk of the District Court using its ECF System, which

15 electronically notifies them.

16         Erick L. Guzman, Esq.
           Email:  erick_guzman@fd.org
17

18         I declare under penalty of perjury that the foregoing is true and correct.

19         Executed on July 15, 2008.

20                                              s/***Anne Kristina Perry***
                                               ANNE KRISTINA PERRY
21

22

23

24

25

26

27

28