

KAREN P. HEWITT
United States Attorney
ANNE KRISTINA PERRY
Assistant United States Attorney
California Bar Number 107440
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5767
Facsimile: (619) 557-7381

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS MANUEL GOMEZ-DOMINGUEZ<br><br>Defendant. | Criminal Case No. 08CR1003-WQH<br><br>**UNITED STATES' SUPPLEMENTAL MOTIONS IN LIMINE TO:**<br><br>**(1) PRECLUDE DEFENSE EXPERT WITNESS TESTIMONY**<br>**(2) PRECLUDE TESTIMONY CONCERNING DURESS OR NECESSITY**<br><br>Date:<br>Time:        9:30 a.m.<br>Honorable:   William Q. Hayes |

Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Anne Kristina Perry, Assistant United States Attorney and hereby files its Motions in Limine. These motions are based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

## I

## STATEMENT OF FACTS

### A.  Defendant's Criminal and Immigration Record

Defendant, Luis Manuel Gomez-Dominguez, is a 20-year-old citizen of Mexico. Defendant was convicted on February 8, 2007, in the Arkansas Circuit Court in Benton City for sexual indecency with a minor in violation of Arkansas Code § 5-14-110(a)(1), for which he received a sentence of one hundred and twenty days imprisonment, and sixty months probation. On February 29, 2008, Defendant sustained

a conviction in the United States Southern District Court for making a false statement to a federal officer in violation of 18 U.S.C. § 1001, for which he received time served and three years supervised release.

Defendant has never applied for lawful admission into the United States. Defendant appeared before an Immigration Judge for a deportation hearing on April 9, 2007, and was physically removed from the United States to Mexico. Defendant was most recently physically removed to Mexico on March 3, 2008.

**B.    Defendant's Apprehension**

On March 4, 2008, at approximately 9:05 a.m., Field Operations Supervisor (of the U.S. Border Patrol)  Adan Cortez was performing his duties west of the San Ysidro, California, Port of Entry. Another agent alerted  Cortez via service radio that he observed three individuals walking north from the secondary fence. The location described is about 1.5 miles west of the San Ysidro, California, Port of Entry and about 50 yards north of the border fence. This area is notorious for the entry of undocumented aliens. Cortez responded to the call.

When Cortez arrived, he observed Defendant lying in the brush. Cortez approached Defendant, identified himself as a Border Patrol agent, and asked Defendant routine immigration questions. Defendant freely admitted that he was a citizen of Mexico with no legal right to enter the United States. About ten minutes after Defendant's arrest, with the assistance of additional agents, the remaining two individuals were found. All three individuals admitted to being citizens of Mexico with no legal right to enter the United States. All three, including Defendant, were detained and transported to the Imperial Beach Border Patrol station for processing.

At the station, Defendant was entered into the Automated Biometric Identification System. This provided Defendant's true identity and some of his prior criminal and immigration histories.

At approximately 1:45 p.m., while being video taped, Agent Ryan Bean advised Defendant in the Spanish language of his Miranda warnings. Defendant stated that he understood his rights and waived his right to remain silent. Defendant was also advised that his administrative rights no longer applied, and that he was being charged criminally. Defendant stated that he understood. Defendant admitted to the following: (1) being a citizen of Mexico with no legal right to enter the United States; (2) being previously deported; and (3) heading to Los Angeles to find work. At the conclusion of the

1  interview, Defendant signed a Record of Sworn Statement. That record of Sworn Statement is attached

2  hereto as Exhibit 1. Of note is the fact that Defendant was specifically asked if he had any fear of

3  persecution or torture if he was removed from the United States, and he said "no."

4        Defendant has noticed the possibility of expert testimony in this case. Mr. Victor Alfaro-Clark

5  has advised by way of Declaration, attached hereto as Exhibit 2,  that he will testify about how

6  individuals returned to Mexico following deportation are treated badly by Mexican authorities.

7                                               **II**

8        **THE COURT SHOULD DECLINE TO ADMIT VICTOR CLARK'S TESTIMONY**

9        If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining

10  a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed.

11  R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the

12  facts at issue is within the sound discretion of the trial judge. See United States v. Alonso, 48 F.3d 1536,

13  1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion

14  may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type

15  reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide

16  opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact.

17  Fed. R. Evid. 704.

18        In this case, the Court should exclude the testimony of Mr. Clark. It has absolutely no relevance

19  to the Defendant's case. The only evidence before this Court is that the Defendant reappeared in the

20  United States within 24 hours after he was deported. There is no evidence that he experienced any

21  problems with Mexican authorities. In fact, the objective evidence, his sworn statement, is that he had

22  no fears of persecution returning to Mexico. There is no evidence that Mr. Clark has any familiarity with

23  the Defendant's particular situation, or the Defendant personally. This Court therefore has the discretion

24  to reject Mr. Clark's testimony. See, United States v. Hoac, 990 F.2d 1099, 1103 (9th Cir. 1993)

25  (exclusion of testimony by expert on Chinese culture not abuse of discretion where expert's knowledge

26  of the defendant was limited and testimony would not have helped the jury).

27

28

1    If the Court determines that Defendant may introduce Mr. Clark's testimony, the United States

2  requests a hearing to determine this expert's qualifications and relevance of the testimony pursuant to

3  Federal Rule of Evidence 702 and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 150 (1999). <u>See</u>

4  <u>United States v. Rincon</u>, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit

5  the defendant's proffered expert testimony because there had been no showing that the proposed

6  testimony related to an area that was recognized as a science or that the proposed testimony would assist

7  the jury in understanding the case); <u>see also</u> <u>United States v. Hankey</u>, 203 F.3d 1160, 1167 (9th Cir.),

8  <u>cert. denied</u>, 530 U.S. 1268 (2000).

9                                        **III.**

10  **THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS AND NECESSITY**

11    A district court may preclude a necessity defense where "the evidence, as described in the

12  defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." <u>United</u>

13  <u>States v. Schoon</u>, 971 F.2d 193, 195 (9th Cir. 1992)(Internal quotation omitted.)

14    In order to rely on a defense of duress, Defendant must establish a prima facie case that:

15    (1)    Defendant committed the crime charged because of an immediate threat of death or
              serious bodily harm;

16

17    (2)    Defendant had a well-grounded fear that the threat would be carried out; and

18    (3)    There was no reasonable opportunity to escape the threatened harm.

19  <u>United States v. Bailey</u>, 444 U.S. 394, 410-11 (1980); <u>Moreno</u>, 102 F.3d 994, 997.  If Defendant fails

20  to make a threshold showing as to each and every element of the defense, defense counsel should not

21  burden the jury with comments relating to such a defense. <u>See</u>, <u>e.g.</u>, <u>Bailey</u>, 444 U.S. 394, 416.

22    A defendant must establish the existence of four elements to be entitled to a necessity defense:

23    (1)    that he was faced with a choice of evils and chose the lesser evil;

24    (2)    that he acted to prevent imminent harm;

25    (3)    that he reasonably anticipated a causal relationship between his conduct and the harm to
              be avoided; and

26    (4)    that there was no other legal alternatives to violating the law.

27  <u>See</u> <u>Schoon</u>, 971 F.2d 193, 195; <u>United States v. Dorrell</u>, 758 F.2d 427, 430-31 (9th Cir. 1985).  A court

28  may preclude invocation of the defense if "proof is deficient with regard to any of the four elements."

<u>See</u> <u>Schoon</u>, 971 F.2d at 195 (Internal quotations omitted.)

1       Although the Defendant has made some ex parte proffer to the Court, the United States has yet

2 to see any actual evidence that the Defendant's entry into the United States was motivated by duress.

3 "Justification defenses [i.e., duress or necessity] . . . require showing both that the defendant had no reasonable

4 opportunity to escape the harm and that he had not recklessly placed himself in a dangerous situation." United States

5 v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (citing United States v. Nolan, 700 F.2d 479, 484 (9th Cir. 1983).

6 This defendant made an oral statement and written sworn statement to officers, neither of which

7 indicated that his reason for coming into the United States was for anything other than work.  Therefore,

8 the United States hereby moves for an evidentiary ruling precluding defense counsel from making any

9 comments during the opening statement or the case-in-chief that relate to any purported defense of

10 "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing satisfying each and

11 every element of the defense.

12       The United States respectfully requests that the Court rule on this issue prior to opening

13 statements to avoid the prejudice, confusion, and an invitation for jury nullification that would result

14 from such comments.

15 <center>**III**</center>

16 <center>**CONCLUSION**</center>

17       For the foregoing reasons, the United States respectfully asks that the Court grant its motions.

18       DATED:  July 30, 2008

19                                      Respectfully Submitted,

20

21                                      KAREN P. HEWITT
                                     United States Attorney

22

23                                      */s/ Anne Kristina Perry*

24                                      ANNE KRISTINA PERRY
                                     Assistant U.S. Attorney

25

26

27

28

<center>5</center>

# EXHIBIT 1

Form I-215B
(Rev. 9-1-72)

## UNITED STATES DEPARTMENT OF JUSTICE

IMMIGRATION AND NATURALIZATION SERVICE

RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

# AFFIDAVIT

Case No: IMP0803002085

IN RE: LUIS MANUEL GOMEZ-DOMINGUEZ _____ FILE NO. 099 702 025

EXECUTED AT IMPERIAL BEACH, CA _____ DATE March 4, 2008

Before the following officer of the U.S. Immigration and Naturalization Service: JASON L. GLANCE

in the SPANISH _____ language. Interpreter NONE _____ used.

I, LUIS M. GOMEZ-DOMINGUEZ _____ , acknowledge that the above-named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has informed me that he desires to take my sworn statement regarding: MY ILLEGAL REENTRY INTO THE UNITED STATES _____

He has told me that my statement must be freely and voluntarily given and has advised me of these rights:

"You have the right to remain silent.

Anything you say can be used against you in court, or in any immigration or administrative proceeding.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish. If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."

I am willing to make a statement without anyone else being present.  I swear that I will tell the truth, the whole truth, and nothing but the truth,  so help me,  God.

Being duly sworn, I make the following statement:

Q.  Are you under the influence of any mind altering substances at this time (medications, alcohol or drugs)?
A.  No
Q.  Are you willing to answer my questions at this time without a lawyer present?
A.  Yes
Q.  Do you swear that all the statements you are about to make will be the truth, the whole truth and nothing but the truth, so help you God?
A.  Yes
Q.  What is your true and correct name?
A.  Luis Manuel Gomez-Dominguez          X LMG
Q.  Have you used any other names?
A.  No
Q.  Of what country are you a citizen?
A.  Mexico
Q.  What is your date and place of birth?
A.  01/10/1988 Mexico, Toluca
Q.  Have you ever been ordered deported, excluded, or removed from the United States?
A.  Yes
Q.  How and where did you enter the United States at that time?
A.  Tecate, crossing the line
Q.  After you were ordered deported, excluded, or removed, were you removed by the INS or did you leave the United States voluntarily?
A.  by the immigration Service
Q.  Have you ever applied to the Attorney General of the United States for permission to re-enter the United States after you were deported, excluded, or removed from the United

Continuation Page for Form    I-215B

| Alien's Name | File Number | Date |
|---|---|---|
| LUIS MANUEL GOMEZ-DOMINGUEZ | Case No: IMB0803000085<br>099 702 025 | March 4, 2008 |

States?
A. No
Q.  When did you last enter the United States?
A. This Morning
Q.  Do you have any fear of persecution or torture should you be removed from the United States?
A. No
Q.  Where were you heading(city and state)?
A. Los Angeles, to work.
Q.  Is there anything else you would like to say at this time?
A. No


I have read (or have had read to me) the foregoing statement consisting of _____ pages.
I affirm that the answers attributed to me herein are true and correct to the best of my
knowledge and belief and that this statement is a full, true, and correct record of my
questioning by the above-named officer of the Immigration and Naturalization Service. I
have initialed each page of this statement.

Signature of alien: Luis M Gomes D

Subscribed and sworn to me at:   The Imperial Beach Border Patrol Station San Diego,
California on March 4, 2008.


_____          _____
(Signature of Immigration Officer)          (Signature of Witness)


| Signature | Title |
|---|---|
| Brent E. Johnson | Acting Patrol Agent In Charge |

2 of 2 Pages

# EXHIBIT 2

Declaration of Victor Clark-Alfaro

1 My name is Victor Clark-Alfaro, I was born in Tijuana, Baja California, Mexico, on April 29, 1950. My current address is Paseo del Centenario Ave. 3B-11, Rio Tijuana, Tijuana, Baja California, Mexico, 22318.

2. I am a Social Anthropologist, a professor at the Center for Latin American Studies at San Diego State University (SDSU), and director of the Binational Center for Human Rights (CBDH), in Tijuana, BC, Mexico.

3. The Binational Center for Human Rights was founded in January of 1987 in Tijuana, Mexico, with the aim of defending and promoting the human rights of vulnerable groups: Migrants, sex workers, gay and transgender people, indigenous migrants. The CBDH also addresses the issue of government corruption and impunity.

4. Migrants deported to Tijuana or in transit to the U.S., without documents to enter the United States, have historically had their rights violated by law enforcement, who employ physical abuse, theft, unjust imprisonment, in sum, the abuse of authority.

5. Since 1987 we have documented numerous human rights violations against deported migrants committed by the Tijuana Municipal Police. Under the pretext of "not having identification," these individuals were interrogated, abused verbally and sometimes physically, as well as in other cases robbed, to then be consigned to a municipal judge who, without hearing the arguments of the victim, orders 36 hours of confinement in municipal jail.

6. What we have is a consistent pattern of human rights violations committed by the municipal police against deported migrants, whose quality of life deteriorates and whose fundamental rights are put in jeopardy. This occurs despite the fact that it is illegal to arrest a Mexican citizen for not carrying identification, as it violates Article 11 of the Mexican Constitution, which in its first paragraph reads: "Every person has the right to enter the Republic, to leave it, to travel through its territory and to change residence, without a clearance letter, a passport, a letter of safe-conduct or other similar requirements ... "

7. In June of 2008 the CBDH published a report entitled *Repatriated Migrants: Arbitrary arrests and detentions. Human Rights, Violated Rights.* The report was the result of an 8-month investigation documenting 187 cases of deported migrants whose rights were violated by Tijuana's Municipal Police.

8. Under penalty of perjury, I declare the foregoing to be true.

July 23, 2008, Tijuana, Baja California, Mexico

[illegible signature]
Victor Clark-Alfaro

*[The above one-page declaration by Victor Clark-Alfaro has been correctly translated from Spanish into English to the best of my knowledge and ability. Yolanda France, Interpreter, U.S. Courts Certification No. 93-467, July 25, 2008]*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1003-WQH |
| Plaintiff, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| LUIS MANUEL GOMEZ-DOMINGUEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED that:

I, ANNE KRISTINA PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S SUPPLEMENTAL MOTIONS IN LIMINE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Erick L. Guzman, Federal Defenders of San Diego, Inc.
Attorney for Defendant Luis Manuel Gomez-Dominguez

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 30, 2008

/s/ *Anne Kristina Perry*
ANNE KRISTINA PERRY