KAREN P. HEWITT
United States Attorney
ANNE KRISTINA PERRY
Assistant U.S. Attorney
California State Bar No. 107440
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-5767

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.   08CR1003-WQH |
| Plaintiff, | ) ) | DATE:      August 21, 2008 |
| v. | ) ) | TIME:       2:00 p.m. |
| | ) | GOVERNMENT'S      RESPONSE      IN |
| LUIS MANUEL GOMEZ-DOMINGUEZ, | ) ) | OPPOSITION TO DEFENDANT'S MOTION TO  DISMISS  INDICTMENT  BASED  ON |
| Defendant. | ) ) | FLAWED  DEPORTATION  PROCEEDINGS, TOGETHER    WITH    STATEMENT    OF |
| | ) | FACTS, AND MEMORANDUM OF POINTS AND AUTHORITIES |
| | ) | |

The UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Anne Kristina Perry, Assistant U.S. Attorney, respectfully submits this Response in Opposition to the Defendant's Motion to Dismiss the Indictment.  This Response is made and based upon the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and the various Exhibits attached hereto.

I.

STATEMENT OF FACTS

According to available immigration records, Defendant LUIS MANUEL

GOMEZ-DOMINGUEZ was born on January 10, 1988, in the Republic of Mexico [Exhibits 1, 2]. His parents are both citizens of Mexico [Exhibit 2]. His only relative in the United States appears to be his uncle. [Exhibit 3, Defense Exhibit B, page 8].

On February 8, 2007, the Defendant was convicted in the Arkansas Circuit Court in Benton City, Arkansas, on a charge of Sexual Indecency of a Minor, in violation of Arkansas Criminal Code Section 5-14-110(a)(1). This statute is a Class D Felony, which carries a sentence of a maximum six years' incarceration. A.C.A. § 5-4-401(a)(5). Defendant was sentenced to 120 days imprisonment and sixty months' probation. On February 29, 2008, Defendant sustained a conviction in the United States Southern District Court for making a false statement to a federal officer in violation of 18 U.S.C. § 1001, for which he received time served and three years supervised release.

As noted in the Defendant's papers, he was ordered deported on April 9, 2007 [Exhibit 4]. During the deportation hearing, the Immigration Judge (IJ) asked the Defendant if he wished to "accept the decision of the court or reserve appeal" [Defense Exhibit B, p. 9]. GOMEZ-DOMINGUEZ, through the interpreter, stated that he "accept[ed] the decision according to the court," [Id.]. It must be noted that on the IJ's order, it mentions that the "Respondent has made no application for relief from removal". GOMEZ-DOMINGUEZ was then removed from the United States through Hidalgo, Texas, on April 24, 2007 [Exhibit 5].

On September 29, 2007, the Defendant made a False Statement, in violation of Title 18, United States Code, Section 1001 [Exhibit 6]. Following his conviction on that charge [Exhibit 7], he was once again removed from the United States [Exhibit 8]. GOMEZ-DOMINGUEZ has

08CR1003-WQH

1  never claimed to have any legal right to enter the United States.

2  Moreover, there exists no record that he has ever applied for re-

3  admission into the United States. [Exhibit 9]

4                                  II.

5                              **ARGUMENT**

6      The Defendant contends that his 2007 deportation was defective

7  in several respects.  An examination of his arguments reveals them to

8  be without merit.

9      When an alien is charged with § 1326 violation, a collateral

10 attack on the underlying deportation is permitted if the alien can

11 show his due process rights were violated and he suffered prejudice

12 as a result of the violation.  United States v. Arrieta, 224 F.3d

13 1076, 1079 (9th Cir. 2000).  For an alien to collaterally attack a

14 predicate deportation under § 1326, he must show: (1) he exhausted all

15 available administrative remedies; (2) the underlying removal

16 proceedings deprived him the opportunity of judicial review; and (3)

17 the entry of order was fundamentally unfair.  United States v. Ubaldo-

18 Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004).  The Ninth Circuit has

19 interpreted the final prong to require a showing that the alien's due

20 process rights were violated and he suffered prejudice as a result of

21 those defects.  Id.  However, the alien must show prejudice occurred

22 because of the violation for relief to be available.  Ubaldo-Figueroa,

23 364 F.3d at 1048.  This is done by illustrating "plausible" relief

24 from deportation.  Id. at 1050.  It is not sufficient that the alien

25 would have availed himself of the procedure.  The alien must "produce

26 some concrete evidence indicating that the violation of a procedural

27 protection actually had the potential for affecting the outcome of his

28 or her deportation proceedings."  United States v. Cerda-Pena, 799

                                     3

F.2d 1374, 1379 (9th Cir. 1986).

A.    THE IMMIGRATION PROCEEDINGS WERE NOT FLAWED BY VIRTUE OF DEFENDANT NOT BEING REPRESENTED BY COUNSEL

GOMEZ-DOMINGUEZ was not represented by an attorney in his deportation proceedings.  He was not entitled to free counsel, but counsel at his own expense.  Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir. 1985).  The IJ advised him of his right to obtain retained counsel, and he elected to proceed without counsel (Def. Exh. B, p.4).

The Ninth Circuit has explained the standard for an applicant to appear pro se in Immigration Court:

> We have repeatedly explained that for an applicant to appear pro se, there must be a knowing and voluntary waiver of the right to counsel. See, e.g., Velasquez Espinosa v. INS, 404 F.2d 544, 546 (9th Cir.1968).  In order for a waiver to be valid, an IJ must generally:  (1) inquire specifically as to whether petitioner wishes to continue without a lawyer; see Reyes-Palacios v. INS, 836 F.2d 1154, 1155-56 (9th Cir.1988); Colindres-Aguilar v. INS, 819 F.2d 259, 261 (9th Cir.1987); Castro-Nuno v. INS, 577 F.2d 577, 579 (9th Cir.1978); and (2) receive a knowing and voluntary affirmative response. See Castro-O'Ryan v. INS, 847 F.2d 1307, 1313 (9th Cir.1988); Colindres-Aguilar, 819 F.2d at 261; Rios-Berrios v. INS, 776 F.2d at 863. Failure to obtain such a waiver is an effective denial of the right to counsel, which, "in the light of the entire administrative record," may be an abuse of discretion. See Castro-O'Ryan, 847 F.2d at 1312.

Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir. 2004).  Here, the Immigration Judge advised the Defendant of his right to counsel, and the Defendant decided to proceed without counsel. Although the deportation tape is a bit hard to hear, it is clear from the remaining dialog between the IJ and the Defendant that the Defendant was comfortable proceeding without counsel. The objective evidence before this Court is that the Defendant executed a valid waiver of counsel and proceeded in pro se.

B.    **THE DEFENDANT WAS NOT ENTITLED TO ANY RELIEF**

Gomez-DOMINGUEZ claims that his 2007 deportation hearing was flawed because the immigration judge "failed to advise him of relief for which he was plainly eligible." While it is true that the defendant need only show "plausible" grounds for relief, GOMEZ-DOMINGUEZ was not entitled to any relief, and thus the IJ did not err.

Title 8, United States Code, Section 1101(43) lists aggravated felonies which, among other things, would preclude an illegal alien from obtaining relief in a deportation hearing. "Aggravated felonies" include murder, rape, or sexual abuse of a minor; crimes of violence for which the terms of imprisonment is at least one year, and, importantly, "an attempt or conspiracy to commit an offense described in this paragraph.

Gomez-Dominguez' conviction for "sexual indecency with a child" was a conviction for an aggravated felony which renders him ineligible for relief from deportation. He was charged with a violation of A.C.A. § 5-14-110(a)(1), which occurs when a person, being 18 years or older, solicits another person who is less than fifteen years of age or who is represented to be less than fifteen years of age to engage in sexual intercourse, deviate sexual activity, or sexual contact. "The gravamen of the offense set out in Ark. Code Ann § 5-14-110 (a) is the inducement of a child to engage in a sexual act." Renderos v. State, 92 Ark. App. 293, 294 213 S.W. 37 (2005). The charging document pertinent to GOMEZ-DOMINGUEZ is consistent with this interpretation [Exhibit 10].

Contrary to the Defendant's assertions, this statute is "categorically" an aggravated felony. Under the categorical approach, an offense meets the definition of "'sexual abuse of a minor,'

08CR1003-WQH

constituting an aggravated felony rendering an alien ineligible for cancellation of removal, only if any and all conduct proscribed by the criminal statute of conviction falls within that category." Parilla v. Gonzales, 414 F.3d 1038 (9th Cir. 2005). In Parilla, the Ninth Circuit upheld a decision of the Bureau of Immigration Affairs finding that "sexual abuse of a minor" included any offense that involves the "employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation, or incest with children." Id. at 1041.

The Arkansas statute which is the basis for the Defendant's conviction is very similar to the matter considered in Parilla. At bare minimum, the statute as a whole prohibits an attempt to commit sexual abuse of a child, which, as noted above, is considered an aggravated felony.

The Defendant also asserts that the Immigration Judge was obliged to advise him of potential grounds for relief from deportation. Where such grounds exist, indeed the Immigration Judge must act appropriately. As noted by the Ninth Circuit in United States v. Muro-Inclan, 249 F.3d 1180, 1183-1184 (9th Cir. 2001):

> INS regulations require that a person facing deportation be advised of the possibility for relief from deportation. 8 C.F.R. § 240.49(a) ("The immigration judge shall inform the respondent of his or her apparent eligibility to apply for ... [a waiver of deportation] and shall afford the respondent an opportunity to make application therefor during the hearing.") This Court has repeatedly held that this provision is "mandatory." See Arrieta, 224 F.3d at 1079; United States v. Arce-Hernandez, 163 F.3d 559, 563 (9th Cir.1998). Accordingly, where the record, "fairly reviewed by an individual who is intimately familiar with the immigration laws-as IJs no doubt are-raises a reasonable possibility that the petitioner may be eligible for relief, the IJ must inform the alien of this possibility and give him the opportunity to develop the

6

issue." Moran-Enriquez, 884 F.2d at 423. Immigration Judges "are not expected to be clairvoyant; the record before them must fairly raise the issue." Id. at 422. Failure to so inform the alien is a denial of due process that invalidates the underlying deportation proceeding. See Arrieta, 224 F.3d at 1079.

However, an alien must meaningfully raise issues before the Immigration Judge. Where it is not "apparent from [an alien's] testimony or evidence that [he] might be eligible for such relief, [an immigration] judge ha[s] no duty to advise [him] of such relief." Muro-Inclan, supra, 249 F.3d at 1183-84, citing United States v. Barraza-Leon, 575 F.3d 218, 222 (9th Cir. 1978).

It is noteworthy that although the Defendant has claimed that the IJ did not make sufficient inquiry of avenues of relief, the Defendant has failed to show what those avenues of relief would have been. True, the Defendant may have been a minor when he initially crossed into the United States. However, despite mention in his pleadings that "abused children and women" may have some relief in immigration proceedings, he has provided absolutely no proof that he would fall into such a category of persons. Nor is there any evidence from the defendant's A-file that would give rise to such a claim.

The IJ here did ask the Defendant if his parents were U.S. Citizens (Defense Exhibit B, p.8). He said they were not. The Immigration Judge asked if the Defendant had family within the United States. He said he had an uncle. Uncles have no ability to confer immigration status on nieces or nephews. There is absolutely no information in the Defendant's immigration background that would indicate he had any valid avenues of relief.

These removal proceedings did not deprive GOMEZ-DOMINGUEZ the opportunity of judicial review, nor was the entry of order

7

1  fundamentally unfair.  Pursuant to <u>Ubaldo-Figueroa</u>, supra, this Court

2  must uphold the validity of the deportation.

3      **C.    THE DEFENDANT VALIDLY WAIVED HIS RIGHT TO APPEAL**

4      The IJ asked GOMEZ-DOMINGUEZ if he wanted to reserve appeal in

5  this case.  The Defendant indicated that he would accept the order of

6  the court [Defense Exhibit B, p.9].  Thereafter, GOMEZ-DOMINGUEZ left

7  the United States, only to come back a few months later.  He later

8  left again, pursuant to an administrative removal [Exhibit 8].

9      Pursuant to 8 C.F.R. §1003.3(e), "[d]eparture from the United

10  States of a person who is the subject of deportation proceedings,

11  prior to the taking of an appeal from a decision in his or her case,

12  shall constitute a waiver of his or her right to appeal."  GOMEZ-

13  DOMINGUEZ has come back to the United States at least twice since the

14  2007 deportation.  He has not re-opened his case, nor made any claim

15  for relief until now.  In his previous prosecution in this district,

16  he was represented by the same able counsel and there were no efforts

17  to review the alleged deficiencies at that time.  The record indicates

18  that there was a valid waiver of the right to appeal.

19                                 V

20                            <u>CONCLUSION</u>

21      For the foregoing reasons, the United States asks that the Court

22  deny Defendant's motion.

23      DATED: July 8, 2008

24                              Respectfully submitted,

25                              KAREN P. HEWITT
                                United States Attorney
26                              *S/Anne Kristina Perry*
                                ANNE KRISTINA PERRY
27

28                              Assistant United States Attorney
                                anne.perry2@usdoj.gov

                              8                    08CR1003-WQH

# EXHIBIT 1

Form I-215B
(Rev. 9-1-72)

## UNITED STATES DEPARTMENT OF JUSTICE

IMMIGRATION AND NATURALIZATION SERVICE

### RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

# AFFIDAVIT

Case No: ~~_____~~

IN RE: LUIS MANUEL GOMEZ-DOMINGUEZ _____    FILE NO. ~~_____~~

EXECUTED AT IMPERIAL BEACH, CA _____    DATE March 4, 2008

Before the following officer of the U.S. Immigration and Naturalization Service: JASON L. GLANCE

in the SPANISH _____ language. Interpreter NONE _____ used.

I, LUIS M. GOMEZ-DOMINGUEZ _____ , acknowledge that the above-named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has informed me that he desires to take my sworn statement regarding: MY ILLEGAL REENTRY INTO THE UNITED STATES _____

He has told me that my statement must be freely and voluntarily given and has advised me of these rights:

"You have the right to remain silent.

Anything you say can be used against you in court, or in any immigration or administrative proceeding.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish. If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."

I am willing to make a statement without anyone else being present. I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me, God.

Being duly sworn, I make the following statement:

Q.  Are you under the influence of any mind altering substances at this time (medications, alcohol or drugs)?
A.  No
Q.  Are you willing to answer my questions at this time without a lawyer present?
A.  Yes
Q.  Do you swear that all the statements you are about to make will be the truth, the whole truth and nothing but the truth, so help you God?
A.  Yes
Q.  What is your true and correct name?
A. Luis Manuel Gomez-Dominguez        X L M G
Q.  Have you used any other names?
A.  No
Q.  Of what country are you a citizen?
A.  Mexico
Q.  What is your date and place of birth?
A. 01/10/1988 Mexico, Toluca
Q.  Have you ever been ordered deported, excluded, or removed from the United States?
A.  Yes
Q.  How and where did you enter the United States at that time?
A.  Tecate, crossing the line
Q.  After you were ordered deported, excluded, or removed, were you removed by the INS or did you leave the United States voluntarily?
A.  by the immigration Service
Q.  Have you ever applied to the Attorney General of the United States for permission to re-enter the United States after you were deported, excluded, or removed from the United

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation ... ge for Form    I-215B

| Alien's Name | File Number | Date |
|---|---|---|
| LUIS MANUEL GOMEZ-DOMINGUEZ | | March 4, 2008 |

States?
A.  No
Q.  When did you last enter the United States?
A.  This Morning
Q.  Do you have any fear of persecution or torture should you be removed from the United States?
A.  No
Q.  Where were you heading(city and state)?
A.  Los Angeles, to work.
Q.  Is there anything else you would like to say at this time?
A.  No


I have read (or have had read to me) the foregoing statement consisting of ___2___ pages. I affirm that the answers attributed to me herein are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my questioning by the above-named officer of the Immigration and Naturalization Service. I have initialed each page of this statement.


Signature of alien: _Luis M Gomez D_

Subscribed and sworn to me at:  The Imperial Beach Border Patrol Station San Diego, California on March 4, 2008.


_____          _____
(Signature of Immigration Officer)          (Signature of Witness)

| Signature | Title |
|---|---|
| Brent E. Johnson | Acting Patrol Agent In Charge |

_2_ of _2_ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

# EXHIBIT 2

U.S. Department of Justice

Immigration and Naturalization Service

**Record of Sworn Statement in Proceedings
under Section 235(b)(1) of the Act**

Office: **OTAY MESA, CA, POE** _____  File No. ~~_____~~ 25?

Statement by: **LUIS M. GOMEZ DOMINGUEZ** _____

In the case of: **LUIS M. GOMEZ DOMINGUEZ** _____

Date of Birth: **January 10, 1988** _____     Gender (circle one): ⟨Male⟩  Female

At: **OTAY MESA, CA, POE** _____     Date: **September 23, 2007** _____

Before: **MARCOS SIFUENTES** _____
                                    (Name and Title)

In the **SPANISH** _____ language. Interpreter **M. SIFUENTES** _____ Employed by **CBP** _____

I am an officer of the United States Immigration and Naturalization Service. I am authorized to administer the immigration laws and to take sworn statements. I want to take your sworn statement regarding your application for admission to the United States. Before I take your statement, I also want to explain your rights, and the purpose and consequences of this interview.

You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States. This may result in your being denied admission and immediately returned to your home country without a hearing. If a decision is made to refuse your admission into the United States, you may be immediately removed from this country, and if so, you may be barred from reentry for a period of 5 years or longer.

This may be your only opportunity to present information to me and the Immigration and Naturalization Service to make a decision. It is very important that you tell me the truth. If you lie or give misinformation, you may be subject to criminal or civil penalties, or barred from receiving immigration benefits or relief now or in the future.

Except as I will explain to you, you are not entitled to a hearing or review.

U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have a concern about being removed from the United States or about being sent home, you should tell me so during this interview because you may not have another chance. You will have the opportunity to speak privately and confidentially to another officer about your fear or concern. That officer will determine if you should remain in the United States and not be removed because of that fear.

Until a decision is reached in your case, you will remain in the custody of the Immigration and Naturalization Service.

Any statement you make may be used against you in this or any subsequent administrative proceeding.

```
Q:  Do you understand what I've said to you?
A:  Yes

Q:  Do you have any questions?
A:  No

Q:  Are you willing to answer my questions at this time?
A:  Yes

Q:  Do you swear or affirm that all the statements you are about to make are true
and complete?
A:  Yes.

Q:  What is your true and correct name?
A:  Luis Manuel GOMEZ Dominguez

Q:  What is your date of birth?
A:  January 10, 1988
 ...(CONTINUED ON I-831)
```

Page 1 of 4

L M G D

1-867A (4-1-97)

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form  I-867A

| Alien's Name | File Number | Date |
|---|---|---|
| LUIS M. GOMEZ DOMINGUEZ | | September 23, 2007 |

Q: In what City, State and Country were you born?
A: Villa Guerrero, Guerrero, Mexico

Q: Of what country are you a citizen of?
A: Mexico

Q: Of what country is your mother a citizen of?
A: Mexico

Q: Of what country is your father a citizen of?
A: Mexico

Q: On what day did you attempt to come enter the United States?
A: Today

Q: How did you attempt to enter the United States?
A: On foot through pedestrian

Q: What type of document did you present to enter the United States?
A: A counterfeit I-94 212(d)(5)

Q: Where and how did you obtain this document?
A: I bought it in Tijuana, Mexico

Q: How much did you pay or going to pay for this document?
A: I paid $50.00 (US)

Q: What is your purpose for attempting to enter the United States?
A: To look for work

Q: Where was your destination in the United States?
A: San Diego, CA

Q: Do you or have you ever had legal entry documents to enter or reside in the United States?
A: No

Q: Have you lived in the United States previously?
A: Yes

Q: Do you have any applications or petitions pending with the Immigration and Naturalization Service?
A: No

Q: Have you ever been removed or deported from the United States previously?
A: Yes
Q: Do you have any fear or concern about being returned to your home country or being removed from the United States?
A: No

Q: Would you be harmed if you are returned to your home country or country of last residence?
A: No
 ...(CONTINUED ON NEXT PAGE)

| Signature | Title |
|---|---|
| MARCOS SIFUENTES | CBPO |

Form I-831 Continuation Page (Rev. 6/12/92)                GOMEZ

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form  I-867A

| Alien's Name | File Number | Date |
|---|---|---|
| LUIS M. GOMEZ DOMINGUEZ | | September 23, 2007 |

Q:  Do you have any questions or is there anything else you would like to add?
A:  No

************************NOTHING FOLLOWS************************

| Signature | Title |
|---|---|
| MARCOS SIFUENTES | CBPO |

Form I-831 Continuation Page (Rev. 6/12/92)

LMGD

U.S. Department of Justice

Immigration and Naturalization Service

**Jurat for Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act**

Q: Why did you leave your home country or country of last residence?

A. **TO WORK**

Q. Do you have any fear or concern about being returned to your home country or being removed from the United States?

A. **NO**

Q. Would you be harmed if you are returned to your home country or country of last residence?

A. **NO**

Q. Do you have any question or is there anything else you would like to add?

A. **NO**

I have read (or have had read to me) this statement, consisting of ___ pages (including this page).  I state that my answers are true and correct to the best of my knowledge and that this statement is a full, true and correct record of my interrogation on the date indicated by the above named officer of the Immigration and Naturalization Service.  I have initialed each page of this statement (and the corrections noted on page(s)_____).

Signature: **LUIS M. GOMEX DOMINGUEZ** X _Luis M Gorillezo_

Sworn and subscribed to before me at **OTAY MESA, CA, POE** _____
on **September 22, 2007** .

**MARCOS SIFUENTES**

Officer, United States Immigration and Naturalization Service

Witnessed by: **M. HERNANDEZ    CBPO**

I-867B (4-1-97)

# EXHIBIT 3

**U.S. Department of Justice**

**Immigration and Naturalization Service**

# Record of Sworn Statement in Proceedings
## under Section 235(b)(1) of the Act

Office: **SAN YSIDRO, CA, POE**                    File No. ~~~~~~~~

Statement by: **LUIS M. GOMEZ DOMINGUEZ**

In the case of: **LUIS M. GOMEZ DOMINGUEZ**

Date of Birth: **January 10, 1988**                    Gender (circle one): (Male) Female

At: **SAN YSIDRO, CA, POE**                    Date: **September 24, 2007**

Before: **WEI LING**                                        **CBP OFFICER**
(Name and Title)

In the **Spanish** language. Interpreter **Ling**        Employed by **DHS-CBP**

I am an officer of the United States Immigration and Naturalization Service. I am authorized to administer the immigration laws and to take sworn statements. I want to take your sworn statement regarding your application for admission to the United States. Before I take your statement, I also want to explain your rights, and the purpose and consequences of this interview.

You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States. This may result in your being denied admission and immediately returned to your home country without a hearing. If a decision is made to refuse your admission into the United States, you may be immediately removed from this country, and if so, you may be barred from reentry for a period of 5 years or longer.

This may be your only opportunity to present information to me and the Immigration and Naturalization Service to make a decision. It is very important that you tell me the truth. If you lie or give misinformation, you may be subject to criminal or civil penalties, or barred from receiving immigration benefits or relief now or in the future.

Except as I will explain to you, you are not entitled to a hearing or review.

U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have a concern about being removed from the United States or about being sent home, you should tell me so during this interview because you may not have another chance. You will have the opportunity to speak privately and confidentially to another officer about your fear or concern. That officer will determine if you should remain in the United States and not be removed because of that fear.

Until a decision is reached in your case, you will remain in the custody of the Immigration and Naturalization Service.

Any statement you make may be used against you in this or any subsequent administrative proceeding.

Q. Do you understand what I've said to you?
A. Yes.
Q. Do you have any questions?
A. No.
Q. Are you willing to answer my questions at this time?
A. Yes.
Q. Do you swear or affirm that all statements you are about to make are true and complete?
A. Yes.

Q. What is your true and correct name?
A. Luis Manuel Gomez Dominguez

Q. What is your date of birth?
A: January 10, 1988.

Q. In what City, State and Country were you born?
A: Toluca, Toluca, MEXICO
...(CONTINUED ON I-831)

Page 1 of 3                                        I-867A (4-1-97)

L M G D

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form  I-867A

| Alien's Name | File Number | Date |
|---|---|---|
| **LUIS M. GOMEZ DOMINGUEZ** |  | **September 24, 2007** |

Q.  Of what country are you a citizen?
A:   MEXICO.

Q.  Of what country is your mother a citizen?
A: MEXICO.

Q.  Of what country is your father a citizen?
A: MEXICO.

Q.  On what day did you attempt to enter the United States?
A:  Yesterday (September 23rd, 2007).

Q.  How did you attempt to enter the United States?
A:  In a cargo area of the vehicle.

Q: Did you try to enter United States without going through the inspection process?
A.   YES.

Q: Do you have family in the United States?
A: Yes, my uncle.

Q:  Do you have or have you ever had any legal entry documents to enter or reside in the United States?
A:  NO.

Q:  Do you have any petitions/applications pending with the United States Immigration Service?
A:   NO

Q:  What was your purpose for attempting to enter the United States?
A:  To meet with Uncle from New York.

Q:  Where was your destination in the United States?
A:   San Francisco, California

Q:  Have you ever been removed or deported from the United States previously?
A:  Yes.

L M G D

| Signature | Title |
|---|---|
| WEI LING | CBP OFFICER |

2 of 3 Pages

Form I-831 Continuation Page (Rev. 6/12/92)

U.S. Department of Justice

Immigration and Naturalization Service

**Jurat for Record of Sworn Statement in**
**Proceedings under Section 235(b)(1) of the Act**

Q: Why did you leave your home country or country of last residence?

A. **To meet with uncle from New York.**

Q. Do you have any fear or concern about being returned to your home country or being removed from the United States?

A. **No.**

Q. Would you be harmed if you are returned to your home country or country of last residence?

A. **No.**

Q. Do you have any question or is there anything else you would like to add?

A. **No.**

L M G D

I have read (or have had read to me) this statement, consisting of __3__ pages (including this page).  I state that my answers are true and correct to the best of my knowledge and that this statement is a full, true and correct record of my interrogation on the date indicated by the above named officer of the Immigration and Naturalization Service.  I have initialed each page of this statement (and the corrections noted on page(s)_____ ).

Signature: **LUIS M. GOMEZ DOMINGUEZ**

Sworn and subscribed to before me at **SAN YSIDRO, CA, POE**
on **September 24, 2007** .

**WEI LING**
**CBP OFFICER**
Officer, United States Immigration and Naturalization Service

Witnessed by: **A. Clay**

Page __3__ of __3__

1-867B (4-1-97)

# EXHIBIT 4

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1900 EAST WHATLEY ROAD
OAKDALE, LA  71463

In the Matter of:                    Case No.: A99-702-025
GOMEZ-DOMINGUEZ, LUIS MANUEL
                                     IN REMOVAL PROCEEDINGS
RESPONDENT
                    ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the
respondent is subject to removal on the charge(s) in the Notice to Appear.

Respondent has made no application for relief from removal.

It is HEREBY ORDERED that the respondent be removed from the United States
to MEXICO on the charge(s) contained in the Notice to
Appear.

Any alien against whom a final order of removal is outstanding by reason of
being a member of any of the classes described in INA section 237(a), who
willfully fails or refuses to present himself or herself for removal at the
time and place required by the Attorney General shall be fined and/or
imprisoned for up to ten years.  Further, any alien who willfully fails or
refuses to depart from the United States pursuant to a final removal order
or present for removal at the time and place required by the Attorney General
shall pay a civil penalty of not more than $500 to the Commissioner for each
day the alien is in violation of this section.

                              JOHN A. DUCK, JR.
                              Immigration Judge
                              Date:  Apr 9, 2007

Appeal:  NO APPEAL  (A/I/B)
Appeal Due By:  May 9, 2007
_____
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)  PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [ ] DHS
DATE: 4/9/7            BY: COURT STAFF _____
       Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Form EOIR 7 - 4T (REMOVAL Order)

# EXHIBIT 5

**U.S. Department of Justice**
Immigration and Naturalization Service

**Warrant of Removal/Deportation**

1010 East Whatley Road
Oakdale, LA 71463

File No: ~~████~~

Date: 04/11/2007

**To any officer of the United States Immigration and Naturalization Service:**

Luis Manuel    GOMEZ-Dominguez
(Full name of alien)

aka:

who entered the United States at _____ Douglas, Arizona _____ on _____ 02/24/2004 _____
(Place of entry)                                        (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation or removal proceedings
☐ a district director or a district director's designated official
☐ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

Section (s) 212(a)(6)(A)(i) & 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:

Transportation company which brought him to the United States, if practicable; otherwise at the expense of the appropriations, "Salaries and Expenses, Immigration and Naturalization Service, 2007" including the expense of an attendant if necessary.

_Scott L. Sutterfield_
Scott L. Sutterfield
(Signature of INS official)

Assistant Field Office Director
(Title of INS official)

4/12/07    Oakdale, Louisiana
(Date and office location)

**RETURN EXECUTED  I-205 TO:**

**Immigration and Customs Enforcement**
**1010 East Whatley Road**
**Oakdale, LA  71463**

Form I-205 (Rev. 4-1-97) N

To be completed by Service officer executing the warrant:

Name of alien being removed:

**Luis Manuel    GOMEZ-Dominguez**          A099 702 025

Port, date, and manner of removal:    HIDALGO POE-TX , 04-24-07 , AFOOT.



Photograph of alien
removed



Right index fingerprint
of alien removed

Luis M. Gomez
(Signature of alien being fingerprinted)

Ernest Daniel
(Signature and title of INS official taking print)

Departure witnessed by: _____ J. Perez / ICE _____
(Signature and title of INS official)

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here.    ☐

Departure Verified by: _____
(Signature and title of INS official)

Form I-205 (Rev. 4-1-97) N

# EXHIBIT 6



FILED

DEC 1 3 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LUIS MANUEL GOMEZ-DOMINGUEZ,<br><br>        Defendant. | Criminal Case No. 07CR2952-WQH<br><br>S U P E R S E D I N G<br>I N F O R M A T I O N<br><br>Title 18, U.S.C., Sec. 1001 –<br>False Statement to a Federal<br>Officer |

The United States Attorney charges:

On or about September 29, 2007, within the Southern District of California, defendant LUIS MANUEL GOMEZ-DOMINGUEZ, in a matter within the jurisdiction of the United States Department of Homeland Security, a department and agency of the United States, did knowingly and willfully make false, fictitious and fraudulent statements and representations as to material facts in that he did represent and state to a federal officer that his date of birth was January 10, 1982, whereas in truth and fact, as defendant then and there well knew that statement and representation was false, fictitious and fraudulent when made; in violation of Title 18, United States Code, Section 1001.

DATED: December 13, 2007.

KAREN P. HEWITT
United States Attorney

WILLIAM A. HALL, JR.
Assistant U.S. Attorney

# EXHIBIT 7

AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

LUIS MANUEL GOMEZ-DOMINGUEZ

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 07CR2952-JM

ERICK GUZMAN, FED DEF INC.,

Defendant's Attorney

REGISTRATION NO. 27206265

☐

THE DEFENDANT:

☒ pleaded guilty to count(s)   ONE OF THE SUPERSEDING INFORMATION.

☐ was found guilty on count(s)

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

**FILED**

MAR - 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1001 | FALSE STATEMENT TO A FEDERAL OFFICER | 1 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) __UNDERLYING INDICTMENT__ is ☒ are☐ dismissed on the motion of the United States.

☒ Assessment: $100 IS WAIVED.

☒ Fine waived          ☐ Property forfeited pursuant to order filed _____ , included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

FEBRUARY 29, 2008

Date of Imposition of Sentence

HON. JEFFREY T. MILLER
UNITED STATES DISTRICT JUDGE

Entered Date:

07CR2952-JM

AO 245B    (Rev. 9/00) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: LUIS MANUEL GOMEZ-DOMINGUEZ
CASE NUMBER: 07CR2952-JM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

TIME SERVED.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m.   ☐ p.m.   on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

07CR2952-JM

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    4

DEFENDANT: LUIS MANUEL GOMEZ-DOMINGUEZ    ✚
CASE NUMBER: 07CR2952-JM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

THREE (03) YEARS.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.    ✚

The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).
*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than ____8____ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.    ✚
The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court . The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

07CR2952-JM

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
            Sheet 3 — Continued 2 — Supervised Release

Judgment—Page    4    of    4

DEFENDANT: LUIS MANUEL GOMEZ-DOMINGUEZ
CASE NUMBER: 07CR2952-JM

## SPECIAL CONDITIONS OF SUPERVISION

☐ Not possess any firearm, explosive device or other dangerous weapon.

☐ Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

☐ The defendant shall violate no laws, federal, state and local, minor traffic excepted.

☒ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate knowingly with alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Defendant should not be subject to involuntary treatment, or the taking of any medication. Rather in the absence of defendant's consent to treatment or medication, the court shall determine the reasonableness or necessity of any proposed treatment or medication at issue.

☐ Participate in a mental health treatment program as directed by the probation office.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within         days.

☐ Complete         hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Reside in a Residential Reentry Center (RRC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

☐ Remain in your place of residence for a period of             , except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☐ Comply with the conditions of the Home Confinement Program for a period of             months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

07CR2952-JM

# EXHIBIT 8

U.S. Department of Homeland Security                    **Notice of Intent/Decision to Reinstate Prior Order**

File No. ~~A095 467 025~~

Event No. ~~SDC1070906510~~

Date: **September 30, 2007**

Name: **Luis Manuel GOMEZ-DOMINGUEZ**

In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR 241.8, you are hereby notified that the Secretary of Homeland Security intends to reinstate the order of _____ **Removal** _____ entered against you. This intent
(Deportation / exclusion / removal)

is based on the following determinations:

1. You are an alien subject to a prior order of deportation / exclusion / removal entered on _____ **April 9, 2007** _____ at
(Date)

   **Oakdale, Louisiana** _____ .
(Location)

2. You have been identified as an alien who:

   ☒ was removed on _____ **September 24, 2007** _____ pursuant to an order of deportation / exclusion / removal.
(Date)

   ☐ departed voluntarily on _____ pursuant to an order of deportation / exclusion / removal on or
(Date)
   after the date on which such order took effect (i.e., who self-deported).

3. You illegally reentered the United States on or about _____ **September 28, 2007** _____ at or near **Tecate, California**
(Date)                                      (Location)

In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. You may contest this determination by making a written or oral statement to an immigration officer. You **do not** have a right to a hearing before an immigration judge.

*The facts that formed the basis of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the* **SPANISH** *language.*

**JOSEPH FEJARAN** _____

(Printed or typed name of official)                              (Signature of officer)

**BORDER PATROL AGENT**

(Title of officer)

---

### Acknowledgment and Response

I ☐ do ☒ do not wish to make a statement contesting this determination.        *Luis M Gomez*

**09/30/07**

(Date)                                                                 (Signature of Alien)

---

### Decision, Order, and Officer's Certification

Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.

**September 29, 2007**        **EL CAJON, CALIFORNIA**

(Date)                    (Location)                          (Signature of authorized deciding official)

*Arnold Reed*

(Printed or typed name of official)              **ACTING PATROL AGENT IN CHARGE**

(Title)

Form I-871 (Rev. 08/01/07)

U.S. Department of Homeland Security

# Warrant of Removal/Deportation

File No: ~~A0-KY7B~~
Event No: ~~EC7~~
Date: September 30, 2007

**To any immigration officer of the United States Department of Homeland Security:**

Luis Manuel GOMEZ-DOMINGUEZ
(Full name of alien)

who entered the United States at Tecate, California      on   September 28, 2007
(Place of entry)                                (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

- ☒ an immigration judge in exclusion, deportation, or removal proceedings
- ☐ a designated official
- ☐ the Board of Immigration Appeals
- ☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:
241(a)(5)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Secretary of Homeland Security under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:
THE DEPARTMENT OF HOMELAND SECURITY.

_____
(Signature of immigration officer)

ACTING PATROL AGENT IN CHARGE
(Title of immigration officer)

September 29, 2007, El Cajon, California
(Date and office location)

Form I-205 (Rev. 08/01/07)

To be completed by immigration officer executing the warrant:
Name of alien being removed:

**Luis Manuel GOMEZ-DOMINGUEZ**                                   A~~~~~~~~~~

**Port, date, and manner of removal:**      SYS    3/03/2008    AFOOT



Photograph of alien
removed



Right index fingerprint
of alien removed

_LUIS M. GOmEZ D._
(Signature of alien being fingerprinted)

JOSEPH FEJARAN     BORDER PATROL AGENT
(Signature and title of immigration officer taking print)

Departure witnessed by: _____
(Signature and title of immigration officer)

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here.     ☐

Departure Verified by: _____
(Signature and title of immigration officer)

Form I-205 (Rev. 08/01/07)

# EXHIBIT 9

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services

Certificate of Nonexistence of Record



7/22/2008

I, Paul Pierre, certify to the following:

1.  That I am the District Director, San Diego District, Citizenship and Immigration Services, United States Department of Homeland Security, and by virtue of the authority contained in Section 475(b)(1) of the Homeland Security Act of 2002, Section 290(d) of the Immigration and Nationality Act and 8 CFR 103.7(d)(4), I am authorized to certify the nonexistence of an official Service record.

2.  That Citizenship and Immigration Services maintains centralized records relating to immigrant aliens who entered the United States on or after June 30, 1924, to nonimmigrant aliens who entered on or after June 30, 1948, and a centralized index of all persons naturalized on or after September 27, 1906.

3.  That I, or an agency employee acting at my direction, performed a search for records relating to the subject identified below. Specifically this office searched Deportable Alien Control System (DACS), Computer Linked Application Information Management System (CLAIMS), and the Central Index System (CIS).

4.  That after a diligent search was performed in these database systems, no record was found to exist indicating that the subject listed below obtained consent at anytime prior to March 1, 2003, from the Attorney General of the United States, or at anytime after February 28, 2003 from the Secretary of the Department of Homeland Security, for re-admission in the United States in accordance with the 6 U.S.C. §§ 202(3) and (4) and U.S.C. § 557.

File No: A99 702 025
Subject:  Luis Manuel Gomez-Dominguez
Also Known As (AKA):  Luis Gomez Dominguez          Luis Manuel Gomex Dominguez
                      Luis Manuel Gomez              Manuel Luis Dominguez
                      Luis Miguel Gomez-Dominguez

Born on:  1/10/1988 (other DOB; 1/10/1982)
Country of Birth: Mexico

_Paul M. Pierre_
Paul Pierre
District Director
San Diego District Office

# EXHIBIT 10

# CRIMINAL INFORMATION

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS

### NINETEENTH JUDICIAL DISTRICT WEST, __II__ DIVISION

State of Arkansas

FILED

2006 DEC 18 AM 8 23

BRENDA DESHIELDS
CLERK AND RECORDER
BENTON COUNTY, AR

vs.

**LUIS MANUEL GOMEZ-DOMINGUEZ**

Case No. 2006- 1825 -2

Filing Date 12/18/2006

| | Multiple D's Charged Together -or- | Multiple D's Charged Separately |
|---|---|---|
| Amended Information | | |
| | Co-D's | Related Case #'s |
| Adding Offense? | | |
| Dropping Offense? | | |
| Changing Offense? | | |
| D Charged as Habitual? | | |

| Defendant's Full Name | Date of Birth | Race | Sex | SID # | Arrest Date |
|---|---|---|---|---|---|
| **Luis Manuel Gomez-Dominguez** | **1/10/1988** | **Hispanic** | **Male** | | **11/9/2006** |

| Address (Street, City, State, Zip) | SS# | Driver's License No. |
|---|---|---|
| **2323 W Beechwood** | | |
| **Rogers, Arkansas 72756** | Arrest Tracking # | Prosecutor's File # |
| | **933406** | |

| Alias 1 | Alias 2 | Alias 3 |
|---|---|---|
| | | |

I, ROBIN GREEN, Prosecuting Attorney, Nineteenth Judicial District West, in the name of the State of
Arkansas, Benton County, Accuse the above named Defendant of the following crime(s)

I, Brenda DeShields, certify this instrument is a true
Copy of the _Crim Info_
_State V. Gomez-Dominguez_
on file in this office, dated _12/8/06_
Book_____ at page_____
_Brenda DeShields_
Brenda DeShields, Clerk
By _Conny Clar_                    , D.C.

| Code | Offense(s) | A/S/C | Off. Date | Cts | F/M | Class |
|---|---|---|---|---|---|---|
| 5-14-110(a)(1) | **SEXUAL INDECENCY WITH A CHILD** | | 10/5/2006 | 1 | F | D |

Committed as follows: **Count # 1, Offense: 5-14-110(a)(1) ~ SEXUAL INDECENCY WITH A CHILD (SUBSEQUENT TO 2001 AMENDMENT).  Class D Felony**

The Defendant on or about, October 05, 2006 in Benton County, Arkansas, being eighteen (18) years old or older, the person solicits another person who is less than fifteen (15) years of age or who is represented to be less than fifteen (15) years of age to engage in sexual intercourse, deviate sexual activity, or sexual contact

**to wit: On or about October 5th, 2006, in Benton County, Arkansas, said Defendant, being over the age of eighteen, solicited A.G., who is less than fifteen (15) years of age to engage in sexual intercourse,**

against the peace and dignity of the State of Arkansas.

---

Entered this 18th day of December, 2006.          By: _____
Robin Green, Prosecuting Attorney                         Deputy Prosecuting Attorney

SM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1003-WQH |
| Plaintiff, | ) ) | |
| v. | ) ) | **CERTIFICATE OF SERVICE** |
| LUIS MANUEL GOMEZ-DOMINGUEZ, | ) ) | |
| Defendant. | ) ) | |

IT IS HEREBY CERTIFIED that:

I, ANNE KRISTINA PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of the Government's Response in Opposition to Defendant's Motion to Dismiss on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Erick L. Guzman, Federal Defenders of San Diego, Inc.
Attorney for Defendant Luis Manuel Gomez-Dominguez

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2008

/s/ *Anne Kristina Perry*
ANNE KRISTINA PERRY
anne.perry2@usdoj.gov