**ERICK L. GUZMAN**
California Bar # 244391
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467
Fax: (619) 687-2666
E-Mail: erick_guzman@fd.org

Attorneys for Luis Gomez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LUIS GOMEZ, <br><br> Defendant. | Case No. 08CR1003-WQH <br><br> DATE: August 21, 2008 <br> TIME: 2:00 P.M. <br><br> **REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENSE'S MOTION TO DISMISS DUE TO DEFECTIVE DEPORTATION** |

## I.

## INTRODUCTION

Mr. Gomez moved to dismiss the indictment due to an invalid deportation. See Clerk's Docket Sheet at 50. The government filed a response in opposition. See id. at 52. This reply follows.

## II.

## REPLY

**A.    There Was Not a Valid Waiver of the Right to Counsel.**

In his motion to dismiss, Mr. Gomez set out the reasons why his "waiver" of the right to counsel was invalid, and cited several cases in support. See Def't. Memo. at 8-9. Neither were addressed in the government's response. Mr. Gomez renews those arguments.

/ / /

/ / /

1    The government did, however, argue that the "hard to hear" tape makes "clear" that Mr. Gomez was "comfortable proceeding without counsel." See Gov't. Memo. at 4. Mr. Gomez's level of comfort is irrelevant to whether his waiver was knowing, voluntary, and intelligent.

**B.    An Alien Need Not Inform the IJ what Relief is Available.**

The government seems to disagree with Mr. Gomez's position that the IJ must inform a respondent of his potential grounds for relief. "However, an alien must meaningfully raise issues before the Immigration Judge. Where it is not 'apparent from [an alien's] testimony or evidence that [he] might be eligible for such relief [an immigration] judge ha[s] no duty to advise [him] of such relief.' United States v. Muro-Inclan, 249 F.3d 1180, (9th Cir. 2001)1183-1184, citing United States v. Barraza-Leon, 575 F.[2]d 218, 222 (9th Cir. 1978)." Gov't. Memo. at 6-7. (citations in original). As an initial matter, that quote is not to be found in the Muro-Inclan opinion.[1] To the contrary, Muro-Inclan, explicitly held that the IJ does must inform a respondent of his potential relief. "The immigration judge shall inform the respondent of his or her apparent eligibility to apply for ... [a waiver of deportation] and shall afford the respondent an opportunity to make application therefor during the hearing." Muro-Inclan, 249 F.3d at 1183 quoting 8 C.F.R. § 240.49(a). See also United States v. Moran-Enriquez, 884 F.2d 420, 422 (9th Cir. 1989) (" We have held 8 C.F.R. § 242.17(a) to be mandatory; if an IJ fails to advise an alien of an avenue of relief potentially available to him, we will remand for consideration of the alien's eligibility for that relief.")

Moreover, the government shifts the burden of knowledge of immigration law, and its application to the record, onto the shoulders Mr. Gomez, when it clearly belongs on the IJ.[2] "Accordingly, where the record, 'fairly reviewed by an *individual who is intimately familiar with the immigration laws*-as IJs no doubt are-raises a reasonable possibility that the petitioner may be eligible for relief, the IJ must inform the alien of this possibility and give him the opportunity to develop the issue.'" Id. quoting United States v. Moran-Enriquez, 884 F.2d at 423. (emphasis supplied). In the instant case, Mr. Gomez's apparent relief--voluntary

---

[1]    Also, Muro-Inclan does not cite Barraza-Leon.

[2]    Moran-Enriquez, upon which Muron-Inclan relied heavily, made clearly that IJ's are treating as having knowledge of immigration law and are "on notice" of potential forms of relief. See Moran-Enriquez, 884 F.2d at 423. In fact, Moran-Enriquez involved a more complicated and less obvious form of relief, and still the Ninth Circuit found that the IJ--not the respondent-- was "on notice" and should have spotted the relief. See id.

1  departure--was clearly apparent, and the IJ was required to bring it to his attention. The record before the IJ
2  was a respondent lacking a conviction/s precluding Mr. Gomez from voluntary departure. The IJ is on notice
3  of voluntary departure. The IJ had to tell Mr. Gomez that he was eligible. The IJ did not.

**C.     Mr. Gomez Was Not Convicted of an Aggravated Felony.**

The government argues that Mr. Gomez has been convicted of an aggravated felony. See Gov't Memo. at 5. To support this assertion, the government relies on Parrilla v. Gonzales, 414 F.3d 1038 (9th Cir. 2005), which the government describes as "very similar" to the Arkansas statute at issue.[3] For once, Mr. Gomez and the government agree: the two statutes are similar. Specifically, in Parrilla, both the IJ and the Ninth Circuit held that the statute was *not* a categorical aggravated felony. See Parrilla 414 f.3d at 1040.

In Parilla, the defendant pled guilty to Washington Revised Code §9.68A.090. The Ninth Circuit agreed with the IJ that this statute did not categorically qualify as "sexual abuse of a minor," because while some of the acts covered by this statute would qualify as "abuse," other behavior proscribed by the statute would not. See id. at 1043. The Ninth Circuit found that only under the modified categorical approach did the defendant's conviction qualify as sexual abuse of a minor. See id. at 1043-1044. Specifically, the defendant's plea colloquy expressly incorporated a Certification for Determination of Probable Cause, which contained a graphic and specific factual basis of the defendant digitally penetrating a seven year old. id. at 1040, 1044. The Ninth Circuit held that this incorporation by reference of this factual basis was equivalent to him pleading guilty to those acts and was judicially noticeable under Shepard v. United States, 544 U.S. 13 (2005). Parrilla, 414 F.3d at 1044. Thus, Parilla is similar to the instant case in that the relevant statute was not categorically sexual abuse of a minor; they are completely different a the second stage of the Taylor analysis, because the instant case lacks any noticeable documents to permit a modified categorical analysis. See Taylor v. United States, 495 U.S. 575, 602 (1990).

///
///
///
///
///

---

[3]     Ark. Code Ann. §5-14-110.

**III.**

**CONCLUSION**

Mr. Gomez respectfully requests this court to dismiss the indictment.

Respectfully submitted,

DATED:  August 14, 2008          /s/ Erick L. Guzman
                                 **ERICK L. GUZMAN**
                                 Federal Defenders of San Diego, Inc.
                                 Attorneys for Luis Gomez

1 | **ERICK L. GUZMAN**
California State Bar No. 244391
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
4 | E-Mail: erick_guzman@fd.org

5 | Attorneys for Luis Manuel Gomez-Dominguez

6
7
8 | UNITED STATES DISTRICT COURT
9 | SOUTHERN DISTRICT OF CALIFORNIA
10 | **(HONORABLE WILLIAM Q. HAYES)**

11 | UNITED STATES OF AMERICA,                )    Case No. 08CR1003-WQH
                                              )
12 |         Plaintiff,                       )
                                              )
13 | v.                                       )    **CERTIFICATE OF SERVICE**
                                              )
14 | LUIS MANUEL GOMEZ-DOMINGUEZ,             )
                                              )
15 |         Defendant.                       )
    |_____  )

16

17 |     Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his

18 | information and belief, and that a copy of the foregoing document has been served this day upon:

19 |                           Anne Kristina Perry
     Anne.Perry2@usdoj.gov,Cindy.Muncy@usdoj.gov,efile.dkt.gc1@usdoj.gov
20

21 |                                          Respectfully submitted,

22

23 | DATED:      August 14, 2008              /s/ Erick L. Guzman
                                              **ERICK L. GUZMAN**
24                                            Federal Defenders of San Diego, Inc.
                                              Attorneys for Luis Manuel Gomez-Dominguez
25
26
27
28