**ERICK L. GUZMAN**
California Bar # 244391
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467
Fax: (619) 687-2666
E-Mail: erick_guzman@fd.org

Attorneys for Luis Gomez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LUIS GOMEZ,<br><br>    Defendant. | Case No. 08CR1003-WQH<br><br>DATE:  August 27, 2008<br>TIME:  2:00 P.M.<br><br>**COURT ORDERED *SUPPLEMENTAL* BRIEFING ON PLAUSIBILITY OF RELIEF** |

**I.**

**INTRODUCTION**

Mr. Gomez moved to dismiss the indictment due to an invalid deportation. See Clerk's Docket Sheet at 50. The government filed a response in opposition. See id. at 52. On August 21, this Court heard argument regarding to that motion. The Court ordered Mr. Gomez to supplement the record on the issue of plausibility of relief. Mr. Gomez incorporates, by reference, the statement of facts, from his motion to dismiss the indictment. See id. at 50.

**II.**

**IT WAS PLAUSIBLE THAT MR. GOMEZ WOULD HAVE RECEIVED VOLUNTARY DEPARTURE**

**A.    There Are Two Forms of Voluntary Departure for which Mr. Gomez Was Eligible**

The Immigration and Naturalization Act ("INA") two forms of voluntary departure: "fast-track" or pre-hearing voluntary departure, and post-hearing voluntary departure.

1. "Fast-Track" Voluntary Departure

INA section 240B(a)(1) describes pre-hearing voluntary departure, which an Immigration Judge ("IJ") can award to ceratin aliens without having a removal hearing or finding the alien removable. This form of voluntary hearing requires only that an alien demonstrate the will and ability to depart the United States and pay his own passage to the country of destination, and not having been convicted of either an aggravated felony or a terrorism offense. See INA §240B(a)(1).

At the time of his removal hearing, Mr. Gomez could have satisfied the first two requirements[1]: he could have demonstrated both the willingness and ability to depart the United States and pay his passage to Mexico.[2] See Declaration of L. Gomez at ¶¶ 1-6 (attached as Exhibit A). See also Declaration of L. Perez at ¶ 8 (attached as Exhibit B).[3]

2. Post-Hearing Voluntary Departure

The other form of voluntary departure that can be granted occurs after an immigration holds a deportation hearing and orders an alien removed. Post-hearing voluntary departure has the same requirements as pre-hearing, and two additional elements: 1) physical presence in the United States for at least 1 year preceding the notice to appear; 2) good moral character for five years prior to application for voluntary departure. See INA §240B(b)(2). Mr. Gomez could have made both of these showings.

First, Mr. Gomez could have meet the presence requirements as he was in the United States since February 24, 2004. See Deportation Hearing Tx. at 3-4. (Attached as Exhibit C) (Stating that Mr. Gomez has been in the United States since February 24, 2004).

Second, Mr. Gomez could have demonstrated his good moral character for the five year period. The term "good moral character" is an immigration term of art. Section 101(f) of the INA lists the statutory bars

---

[1] The third requirement--not having been convicted of an aggravated felony--is already pending before the Court and was already addressed in Mr. Gomez's motion to dismiss and his reply to the government's response. See 07/30/2008 Def't. Memo. to dismiss.

[2] This issues is intertwined with the right to counsel. One of the functions competent counsel could have provided would have been to advise and assist Mr. Gomez on the issue of Voluntary Departure.

[3] Investigator Lilian Perez interviewed Georgina Diaz. Ms. Diaz's declaration has been sent to her and should be returned to Federal Defenders by August 28, 2008, at which point the declaration will be filed. See Declaration of G. Diaz (Attached as Exhibit D).

2

to a finding of good moral character. Someone is statutorily not of good moral character if he is, or was, any of the following:

    1) a habitual drunkard;

    2) one who was involved with prostitution offenses, alien smuggling, was removed after arriving without permission and requested asylum, or was removed pursuant to 8 U.S.C. §1229(a) and reapplied for admission with five years of his removal, or within twenty years of a second removal on any removal that was predicated upon commission of an aggravated felony[4]

    3) one whose income is derived from gambling;

    4) one who has been convicted of two gambling offenses

    5) one who has given false testimony to obtain benefits for the purpose of obtaining benefits stemming from INA §101

    6) one who has been incarcerated of one-hundred and eight days pursuant to a conviction within the five year period

    7) one who has been convicted of an aggravated felony.

See INA §101(f)

While Mr. Gomez's falling outside of INA §101's definition of bad moral character does not automatically render him a person of good moral character, it is more than noteworthy that the INA has constructed a seven point canopy of bad moral character, and its broad penumbra does not cover Mr. Gomez. Also, Mr. Gomez's Aunt has submitted declarations attesting to his good moral character. See Exhibit B at ¶¶ 7-11. Ms. Diaz tells how Mr. Gomez supported family and handled arrangements at the time of his grandmother's funeral. See id.

**B.    Mr. Gomez Does Not Need to Prove That He Actually Would Have Received Voluntary Departure**

While this argument is positioned last, it is threshold in nature. Mr. Gomez need only show that it was "plausible" that he would have received voluntary departure. See United States v. Arrieta, 224 F.3d 1076, 1080 (9th Cir. 2000).

Arrieta involved an alien having to making a showing of "extreme hardship." See id. at 1082. In Arrieta, the Ninth Circuit found that a client had demonstrated a plausible ground of relief, because he had presented evidence of the "extreme hardship" his deportation would cause. Specifically, the alien showed that he played a critical role in the lives of his siblings, and that his mother was ill and relied on his support. See

---

    [4]    See INA §212(9)(A)

1  id.

2  In <u>Arce-Hernandez</u>, 163 F.3d 559, 563-64 (9th Cir. 1998), the Ninth Circuit held that the alien failed to demonstrate that it was plausible that he could have made a showing of "extreme hardship" in part because the government provided evidence that was contrary to the defendant's position, and that affirmatively proved that his removal would not have been a hardship. <u>See</u> id.

However, both <u>Arrieta</u> and <u>Arce-Hernandez</u> both involved the much higher burden of "extreme hardship." The requirements of voluntary departure--both pre and post-conclusion--are less burdensome than extreme hardship.

<u>United States v. Alonza-Mendoza</u>, 239 Fed.appx. 330 (9th Cir. 2007)[5] addressed the plausibility of an alien receiving voluntary departure. <u>Alonza-Mendoza</u> described the standard as a "low threshold." <u>See</u> <u>id</u>. at 332. In that case, the alien was a gang member who served six years for a gang-related murder conviction. He had also earlier been arrested for weapons possession, attempted grand theft auto, grand theft auto and assault with a deadly weapon. <u>Id</u>. Due to the deplorable criminal record, the Court of Appeals found that it was not plausible that he would have received voluntary departure. <u>See</u> id. Mr. Gomez stood in a much different position when he appeared before the IJ at his removal hearing. He was alleged to only have one criminal conviction that is less aggravated than a gang related murder. The difference can be seen in the sentences imposed. The alien in <u>Alonza-Mendoza</u> served six years; Mr. Gomez was sentenced to only one hundred and twenty days.

In summation, it is plausible that Mr. Gomez would have been granted voluntary departure.

### III.
### CONCLUSION

Mr. Gomez respectfully requests this court to find that it is plausible that Mr. Gomez would have been granted voluntary departure and dismiss the indictment.

Respectfully submitted,

DATED:    August 25, 2008            /s/ Erick L. Guzman
                                     **ERICK L. GUZMAN**
                                     Federal Defenders of San Diego, Inc.

---

[5] **This case was not selected for publication.**

4

|   |   |
|---|---|
| 1 | Attorneys for Luis Gomez |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |