1  KAREN P. HEWITT
   United States Attorney
2  ANNE KRISTINA PERRY
   Assistant U.S. Attorney
3  California State Bar No. 107440
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-5767

6  Attorneys for Plaintiff
   United States of America
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )   Criminal Case No.  08CR1003-WQH
                                    )
12              Plaintiff,          )   DATE:    October 14, 2008
                                    )   TIME:    2:00 p.m.
13      v.                          )
                                    )   GOVERNMENT'S  SUPPLEMENTAL
14                                  )   RESPONSE  IN  OPPOSITION  TO
   LUIS MANUEL GOMEZ-DOMINGUEZ,     )   DEFENDANT'S TO DISMISS, PPRESS
15                                  )   TOGETHER WITH STATEMENT OF FACTS
                Defendant.          )   AND  MEMORANDUM  OF  POINTS  AND
16                                  )   AUTHORITIES
                                    )
17

18      The UNITED STATES OF AMERICA, by and through its counsel, KAREN

19 P. HEWITT, United States Attorney, and Anne Kristina Perry, Assistant

20 U.S. Attorney, respectfully submits its supplemental response in

21 opposition to defendant LUIS MANUEL GOMEZ-DOMINGUEZ' motion to dismiss

22 the indictment herein.  This response is made and based upon the

23 pleadings and papers on file herein, and the Memorandum of Points and

24 Authorities attached hereto.

25 //

26 //

27 //

28 //

**I**

**STATEMENT OF FACTS**

On February 6, 2006, defendant LUIS MANUEL GOMEZ-DOMINGUEZ was convicted of "Sexual Indecency with a Minor, a violation of Arkansas Criminal Code Section 5-14-110(a)(1). On March 12, 2007, he was noticed to appear fo an immigration hearing based on two grounds of removal:1) because he was an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" (in violation of INA 212(a)(6)(A)(I)) and 2) because he was "an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime," a violation of INA 212(a)(3)(A)(i)(I) [Exhibit 1].

Thereafter, on April 9, 2007, the defendant was present for a Deportation Hearing before Immigration Judge Duck in Oakdale, Louisiana. This Court has before it, and is familiar with, the transcript of said hearing.

During the course of the hearing, the defendant claimed to only have one relative in the United States, his uncle. The defendant was not advised of the possibility of voluntary departure. He was ordered deported on April 9, 2007, and exited the United States on April 24, 2007, through Hidalgo, Texas. The defendant has never appealed or collaterally attacked that deportation until now.

Thereafter, the defendant committed another felony within the United States, a violation of Title 18, United States Code, Section 1001, Making a False Statement. After that conviction, the defendant

was again removed from the United States pursuant to a reinstatement of the earlier deportation, attached hereto as Exhibit 2. It must be noted that the defendant did not challenge that reinstatement – until now.

## II.

### POINTS AND AUTHORITIES

**A.  VOLUNTARY DEPARTURE**

Pursuant to Title 8, United States Code, Section 1229c(a)(1), "The Attorney General may permit an alien to voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject in proceedings under section 1229a of this title or prior to the completion of such proceedings, if the alien is not deportable under 1227(a)(2)(A)(iii) or section 1227(a)(4)((B) of this title." Put more succinctly, voluntary departure is available in lieu of the formal deportation hearing or prior to the completion of a deportation hearing. Only two classes of immigrants are <u>not</u> eligible for voluntary departure: those involved in terrorism-related activity, and those convicted of an aggravated felony. <u>United States v. Ortiz-Lopez</u>, 385 F.3d 1202, 1204 n. 3 (9th Cir. 2004)

**B.  THE DEFENDANT WAS CONVICTED OF AN AGGRAVATED FELONY, THEREFORE THE IJ WAS UNDER NO OBLIGATION TO ADVISE HIM OF VOLUNTARY DEPARTURE**

The Ninth Circuit is very clear that the failure to advise an individual of his right to voluntary departure creates prejudice. Due process

requires IJs to inform individuals in removal proceedings of their apparent eligibility for relief. See, e.g., <u>United States v. Ubaldo-Figueroa</u>, 364 F.3d 1042, 1050 (9th Cir.2004) ("The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is mandatory, and failure to so inform the alien of his or her eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding.") (internal

1 quotation marks and brackets omitted); see also <u>United States v. Gonzalez-Valerio,</u> 342 F.3d 1051, 1054 (9th Cir.2003) ("The duty of the IJ to inform an alien of his eligibility for relief is mandatory, and the failure to do so constitutes a violation of the alien's due process rights).

<u>United States v. Basulto-Pulido</u>, 219 Fed. Appx. 717 (9th Cir. 2007).

Thus, this Court finds itself in the position it was in earlier in these proceedings – determining whether the crime with which GOMEZ-DOMINGUEZ was charged was an aggravated felony, thus obviating the need for the Immigration Judge to advise him of the avenue of voluntary departure. In order to make this determination, this Court needs to be mindful of where the deportation occurred, which was in Louisiana, in the Fifth Circuit. While the Ninth Circuit has yet to find that non-touching sexual abuse is an aggravated felony, the same cannot be said of the Fifth Circuit. In <u>United States v. Zavala-Sustaita</u>, 214 F.3d 601 (5th Cir. 2000), that Court refused to limit "sexual abuse of a minor" to actual contact. The court noted that "sexual abuse" is defined in broader ways in another part of the United States Code. In 18 U.S.C. § 3509, Congress defined sexual abuse as "includ[ing] the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children." <u>Id</u>. at 607, n.8.

This Court is aware that the statute at issue here prohibits the "solicitation" of a minor to commit a sexual act. The Seventh Circuit, considering a similar statute, found what this Court finds to be disconcerting – that words are enough. In <u>United States v. Hernandez-Alvarez,</u> 432 F.3d 763 (7th Cir. 2005), the Court was faced

1  with a situation where the defendant had violated a statute which
2  prohibited the following activity: "any person who offers a person not
3  his or her spouse any money, property, token, object, or article or
4  anything of value to perform any act of sexual penetration" committed
5  a violation of Illinois law. An earlier case, Gattem v. Gonzales, 412
6  F.3d 758 (7th Cir. 2007), found that the solicitation of a minor for
7  sex in exchange for cigarettes was an aggravated felony. Hernandez-
8  Alvarez extended that ruling to solicitation cases where the "minor"
9  was actually an undercover agent.  432 F.2d at 766-767.
10      Even if this Court were to conclude, yet again, that the
11 defendant's conviction was not for an aggravated felony, there is no
12 way that an immigration judge would have allowed this defendant to
13 depart voluntarily. Communication with a minor for immoral purposes
14 a violation of Washington State law very similar to the Arkansas
15 statute herein has been held by the Ninth Circuit to be a crime of
16 moral turpitude. Morales v. Gonzalez, 478 F,3d 972 (9th Cir. 2007).
17 Although this Court has before it declarations stating that defendant
18 GOMEZ-DOMINGUEZ is a good family man, in fact at the time of his
19 deportation he was consorting with a 14-year-old-girl in the United
20 States and was not home with his family in Mexico. The defendant has
21 never had any legal right to be in the United States, and his only
22 relative in the U.S., according to his own testimony before the
23 Immigration Judge, was an uncle who conferred no immigration benefits
24 upon him.

**V**

**CONCLUSION**

27      Based upon the law and the facts of this unusual case, this Court
28 should find that GOMEZ-DOMINGUEZ' deportation was not flawed, and

1 | allow this prosecution to go forward.
2 |     DATED: July 7, 2008
3 |                                       Respectfully submitted,
4 |                                         KAREN P. HEWITT
                                      United States Attorney
5 |
6 |                                       */s/Anne Kristina Perry*
                                      ANNE KRISTINA PERRY
7 |                                       Assistant United States Attorney
                                      anne.perry2@usdoj.gov
8 |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR1003 WQH |
| Plaintiff, ) | |
| v. ) | CERTIFICATE OF SERVICE |
| LUIS MANUEL GOMEZ-DOMINGUEZ ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

   I, ANNE PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action. I have caused service of the Government's Supplemental Response in Opposition to the Defendant's Motion to Dismiss on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   ERICK GUZMAN, FEDERAL DEFENDERS OF SAN DIEGO, INC.

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on September 2, 2008.

                                    s/ Anne Perry
                                    Anne Kristina Perry
                                    Anne.Perry2@usdoj.gov