**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | CASE NO. 08cr1003WQH |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| LUIS GOMEZ-DOMINGUEZ | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are: 1) Defendant's motion to dismiss the indictment due to invalid deportation (Doc. #50); 2) Plaintiff United States' motion to preclude evidence of necessity (Doc. #36); 3) Plaintiff United States' supplemental motion in limine to preclude defense expert witness testimony and to preclude testimony concerning necessity (Doc. #48); and 4) Defendant's *ex parte* under seal motion for a pretrial ruling regarding Defendant's ability to present a necessity defense (Doc. #41).

**#50 Defendant's Motion to Dismiss Indictment/Invalid deportation**

Defendant is charged with knowingly and intentionally attempting to enter the United States after having been previously excluded, deported and removed and not having obtained permission to reenter in violation of 8 U.S.C. § 1326 (a) and (b).

Defendant contends that the Court must dismiss the indictment against him on the grounds that his due process rights were violated at his prior deportation hearing. Defendant asserts that 1) he did not knowingly and intelligently waive his right to counsel; and 2) the Immigration Judge failed to inform him that he was eligible for relief from deportation. The

- 1 -

Government contends that the Defendant was advised of his right to obtain retained counsel, that the Defendant elected to proceed without counsel, and that Defendant was not entitled to any relief from deportation at the prior deportation hearing.

"Because the underlying removal order serves as a predicate element of an illegal reentry offense under §1326, a defendant charged with that offense may collaterally attack the removal order under the due process clause." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). In order to sustain a collateral attack under §1326(d), a defendant must ordinarily show: (1) exhaustion of available administrative remedies to seek relief from the deportation order, (2) improper deprivation of the opportunity for judicial review, and (3) fundamental unfairness of the underlying removal order. *See* 8 U.S.C. § 1326(d); *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006). An underlying removal order is "fundamentally unfair" if: 1) an alien's due process rights were violated by defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

<u>Right to Counsel</u>

"In order for a waiver to be valid, an [Immigration Judge] must generally: (1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004)(citation omitted). The transcript of the immigration proceedings shows that the IJ informed the Defendant that he had a "right to an attorney that the government would not pay for." (Doc. #50-3 at 6). The transcript shows that Defendant affirmatively acknowledged that he understood that he had the right to have an attorney. The IJ informed the Defendant that he "was entitled to delaying your case, if you wish, either to better prepare your case, or to acquire an attorney, or you may go forward today, whichever you desire." (Doc. # 50-3 at 5). Defendant responded that he wished to proceed and did proceed. The Court finds that the Defendant affirmatively waived his right to counsel. The Court concludes that the Defendant's constitutional right to counsel was not violated at the deportation proceedings.

Relief from Deportation

Defendant contends that he is exempt from the requirement that he exhaust all administrative remedies available to him to appeal his removal order before collaterally attacking his prior deportation because the IJ failed to inform him that he was eligible for voluntary departure relief under INA § 212(a)(6)(A)(ii).[1]

The Government asserts that the Defendant was not entitled to any relief from deportation. The Government contends that the removal proceedings did not deprive Defendant of judicial review and that the order of removal was not fundamentally unfair.

The record of the April 7, 2007 deportation proceeding shows that the Immigration Judge asked the Defendant questions regarding his citizenship, his entry into the United States, his prior conviction in Arkansas; and his family ties within the United States. Defendant stated that he was a Mexican citizen; that his parents were not American citizens; that he had an uncle in the United States; that he entered the United States without admission or inspection on or about February 24, 2004; and that he was convicted in Benton, Arkansas for sexual indecency with a child on February 26, 2007. The Immigration Judge found the Defendant removeable as charged in the Warrant of Deportation under Section 212(a)(6)(A)(i) & 212(a)(2)(A)(i)(I) of the INA; the IJ asked whether government counsel was aware of any relief and government counsel responded no; the IJ ordered the Defendant removed from the U.S. to Mexico; the IJ asked the Defendant if he wished to accept the decision or reserve appeal and the Defendant stated that he accepted the decision. (Doc. #50-3 at 10).

Defendant contends that the IJ failed to inform him that he was eligible for voluntary departure but agrees that he was not entitled to voluntary departure if he had been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). One type of aggravated felony is "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Defendant contends that Sexual

---

[1] In the original motion Defendants asserted that "he possibly had relief available in so far as he was excepted from the provision under which he was removed, INA § 212(a)(6)(A)(i) [because of]... an exception for battered women and children. INA § 121(a)(6)(A)(ii). " (Doc # 50-2 at page 4-5). In the subsequent "Court-ordered *Supplemental* Briefing on Plausibility of Relief," Defendant does not advance this grounds for relief. (Doc. # 58). The Court finds this argument was abandoned and further finds no facts to support the Defendant's claim.

- 3 -

1  Indecency with a child in violation of Arkansas Criminal Code Section 5-14-110(a)(1) is not
2  a categorical aggravated felony because 1) the statute applies to minors older than sixteen; 2)
3  the statute applies to consensual sex between an eighteen year old and a minor almost eighteen;
4  and 3) the statute covers solicitation.  The Government contends that Defendant's conviction
5  was an aggravated felony because the "statute as a whole prohibits an attempt to commit
6  sexual abuse of a child." (Doc. # 52 at 6).

7  The court first considers the categorical approach to determine whether the Defendant's
8  prior conviction in Arkansas Circuit Court on the charge of Sexual Indecency with a child in
9  violation of Arkansas Criminal Code Section 5-14-110(a)(1) is an aggravated felony, of which
10 "sexual abuse of a minor" is one statutorily designated type. *See Taylor v. United States,* 495
11 U.S. 575, 600-02, 110 S.Ct. 2143 (1990). Under the categorical approach, the court may "look
12 only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602.

13 ACC Section 5-14-110(a)(1) provides that "a person commits sexual indecency with
14 a child if: (1) Being eighteen years of age or older, the person solicits another person who is
15 less that fifteen (15) years of age or who is represented to be less than fifteen (15) years of age
16 to engage in: (A) Sexual intercourse; (B) Deviate sexual activity; or (C) Sexual contact."
17 The Court must determine whether the conduct covered by this Arkansas statute falls within
18 the "ordinary, contemporary, and common" meaning of "sexual abuse of a minor." 8 U.S.C.
19 § 1101(a)(43)(A).  *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999).

20 This Court concludes that the Arkansas statute does not constitute an aggravated felony
21 under the categorical approach because the statute could prohibit some conduct which does not
22 constitute "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).  The Court concludes that the
23 Arkansas statute "would cover mere solicitation of a sexual act, if objectively annoying;
24 however, solicitation by a young male, for example, of a young female approaching the age
25 of 18 years may in some circumstances be objectively irritating or annoying, but such conduct
26 does not, standing alone, rise to the level of 'sexual abuse.'" *United States v. Pallares-Galan*,
27 359 F.3d 1088, 1101 (9th Cir. 2004).  *See also Parilla v. Gonzales*, 414 F.3d 1038 (9th Cir.
28 2005) (Washington statute interpreted to  prohibit any spoken word or course of conduct with
   a minor for the purposes of sexual misconduct did not define "sexual abuse of a minor" under

- 4 -

1  the categorical approach.).  The Court concludes that the Arkansas statute is not an aggravated
2  felony of "sexual abuse of a minor" under the categorical approach of *Taylor*.

3  If the statute that led to the prior conviction does not categorically prohibit "sexual
4  abuse of a minor," the court next considers the modified categorical approach. *See Shepard*
5  *v. United States*, 544 U.S. 13, –, 125 S.Ct. 1254, 1259-60 (2005).  Under the modified
6  categorical approach, the court may consider a limited number of judicially noticeable
7  documents to determine whether, although the statute of conviction is overinclusive, the
8  defendant was in fact convicted of a crime that met the definition of "sexual abuse of a minor."
9  *See Parilla,* 414 F.3d at 1042.  In this case, there are no judicially noticeable documents in this
10 record which would support the conclusion that this Defendant committed "sexual abuse of a
11 minor" under the modified categorical approach.

12 Based upon the record before the Court, the Government has failed to meet its burden
13 to show that the Defendant's conviction under the Arkansas statute for sexual indecency with
14 a child qualifies as "sexual abuse of a minor" within the meaning of the federal provision.
15 Defendant would not have been automatically barred from relief from removal on the grounds
16 that he was convicted of an aggravated felony.

17 Defendant contends that his due process rights were violated at the deportation hearing
18 because the IJ failed to inform him of two forms of plausible discretionary relief: 1) fast track
19 or pre-hearing voluntary departure, and 2) post-hearing voluntary departure. (Doc. # 58 at 1).
20 The Immigration Judge has a duty to inform an alien of his eligibility for relief from
21 deportation and failure to do so constitutes a violation of the alien's due process rights. *United*
22 *States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003).  In order to successfully
23 challenge his deportation order, the Defendant must establish that he was prejudiced by the
24 failure of the IJ to inform him of the potential for discretionary relief.  *Id*.  "Once the alien
25 makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate
26 that the procedural violation could not have changed the proceedings' outcome."  *Id.*

27 The Attorney General has the discretion to waive deportation hearings for aliens who
28 depart voluntarily "in lieu of *initiating* deportation proceedings." *Contreras-Aragon v. INS*,
852 F.2d 1088, 1094 (9th Cir. 1988) (emphasis in original). In *United States v. Becerril-Lopez*,

528 F.3d 1133 (9th Cir. 2008), the Court of Appeals stated "Because pre-hearing voluntary departure would have been granted, if at all, before the hearing, we cannot hold that the IJ violated Becerril's rights by failing to mention it at the hearing itself." *Id.* at 1138. This Court concludes that the Defendant's immigration hearing was not fundamentally unfair because the IJ did not inform him of pre-hearing fast track voluntary departure at the deportation hearing.

The Attorney General has the discretion to permit post-hearing voluntary departure if an Immigration Judge finds that the alien demonstrate by clear and convincing evidence the intention and ability to depart; that the alien was not convicted of either an aggravated felony or a terrorism offense; that alien was physically present in the United States for at least one year immediately preceding the notice to appear; and that "the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure." 8 U.S.C. § 1229c(b)(1)(B).

The Court concludes that the Government has demonstrated that voluntary departure in lieu of deportation was not plausible relief at the time of the Defendant's 2007 deportation hearing. Defendant admitted at the immigration hearing on April 9, 2007 that "on February the 26th, 2007, [he was] convicted in Benton County, Arkansas, for sexual indecency with a child." (Doc. 50-3 at 8). Even taking into account the low threshold for receiving voluntary departure, the Defendant's recent conviction for sexual indecency with a minor would have been too great for the IJ to overlook and find that the Defendant has demonstrated "good moral character for at least five years prior to the application." 8 U.S.C. § 1229c(b)(1)(B). To extent that the decision by the Attorney General to permit an alien to voluntarily depart in lieu of deportation is discretionary, it was not plausible that the discretion to permit the Defendant voluntary departure would have been exercised in favor of the Defendant.

The Court concludes that the procedural violation in this case could not have changed the outcome and that the Defendant has not demonstrated that his 2007 deportation proceeding was fundamentally unfair. Defendant is not entitled to sustain a collateral attack upon his prior deportation under 8 U.S.C. § 1326(d). Defendant's motion to dismiss the indictment is denied.

**#36  Government's motion to preclude evidence of necessity;**
**# 48 Government's Supplemental Motions in Limine to preclude defense expert testimony and testimony concerning duress or necessity; and**
**#41 Defendant's Sealed motion for Pretrial ruling on necessity**

1) <u>preclude defense expert testimony</u>

The Government moves the Court to exclude the testimony of Victor Alfara-Clark on the grounds that it has no relevance to the Defendant's case.  The Government asserts that Clark's testimony regarding problems experienced by deported aliens with Mexican authorities in Tijuana is not relevant in this case because there is no evidence that this Defendant experienced any problems with Mexican authorities.

Rule 702 of the Federal Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  Rule 702 imposes a "gatekeeping" duty on district courts to ensure that testimony based on scientific, technical, or other specialized knowledge rests on a reliable foundation.  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141-42 (1999).  "[T]he trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted." Fed. R. Evid. 702 Advisory Committee's Notes.  "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *Id.*

The Court concludes that the proffered expert testimony is not based upon sufficient facts or data; and that the proffered testimony is not the product of reliable principles and methods.  The Court further finds that the proffered expert testimony is not relevant to the determination of a fact in issue in this case.  There is no evidence in this case that this Defendant experienced any problems with Mexican authorities prior to his attempt to enter the United States or at any other time.

The Government's motion to preclude the proffered expert testimony (#48) is granted.

**2) preclude testimony concerning duress or necessity**

Defendant has filed an *ex parte* motion requesting that the Court enter an order prior to trial finding that he has a right to present the defense of necessity at trial. The Government has filed a motion to preclude evidence of the defense of necessity.

The defense of necessity is available when a person commits a particular offense to prevent an imminent harm which no available options could similarly prevent. *United States v. Dorrell*, 758 F.2d 427, 430-31 (9th Cir. 1985). "[B]efore a defendant may present evidence of a necessity defense, his offer of proof must establish that a reasonable jury could conclude: '(1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law.'" *United States v. Arellano-Rivera*, 244 F.3d 1119, 1125-1126 (9th Cir. 2001) quoting *United States v. Aguilar*, 883 F.2d 662, 693 (9th Cir. 1989). "If the defendant's offer of proof is deficient with regard to any of the four elements, the district judge must grant the motion to preclude evidence of necessity." *Arellano-Rivera*, 244 F.3d at 1126 (quotation omitted).

The proper inquiry is whether the evidence as described in the defendant's offer of proof, taken as true, is sufficient as a matter of law to support the defense. *See United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1992). "[T]he test for entitlement to a defense of necessity is objective." *United States v. Perdomo-Espana*, 522 F.3d 983, 988 (9th Cir. 2008). A defendant's subjective belief but unreasonable belief as to any element of the necessity defense is insufficient to sustain his necessity defense. *Id.*

The Court has reviewed all materials in support of the Defendant's *ex parte* motion and concludes that Defendant's offer of proof is insufficient as a matter of law to support defense of necessity. *See Schoon*, 971 F.2d at 195. Based upon the Defendant's offer of proof, the Court finds that Defendant has failed to make a colorable showing as to each of the four elements of the necessity defense. There is no evidence in this record that this Defendant was faced with a choice of evils and chose the lesser evil; there is no evidence in this record that this Defendant acted to prevent imminent harm; there is no evidence in this record that this Defendant reasonably anticipated a causal relation between conduct and the harm to be

avoided; and there is no evidence in this record that this Defendant had no other legal alternatives to violating the law.

Defendant's *ex parte* under seal Motion for a Pretrial Ruling regarding Defendant's ability to present a necessity defense (Doc. #41) is granted in that the Court has made a pretrial ruling and denied in that the Court will not allow this defense to be presented to the jury. The Government's motion to preclude evidence of necessity (#48) is granted.

## CONCLUSION

IT IS HEREBY ORDERED that 1) Defendant's Motion to Dismiss the Indictment due to invalid deportation (Doc. #50) is DENIED; 2) United States' motion to preclude evidence of necessity (Doc. #36) is GRANTED; 3) United States' Supplemental Motion in Limine to preclude defense expert witness testimony and to preclude testimony concerning necessity (Doc. #48) is GRANTED; and 4) Defendant's ex parte under seal Motion for a Pretrial Ruling regarding Defendant's ability to present a necessity defense (Doc. #41) is GRANTED in that the Court has made a pretrial ruling and DENIED in that the Court will not allow this defense to be presented to the jury.

DATED: September 19, 2008

                                                           **WILLIAM Q. HAYES**
                                                       United States District Judge